George M. Lee (SBN 172982)
gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511

Adam Kraut, Esq.
akraut@fpclaw.org
**FIREARMS POLICY COALITION**
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 476-2342
*Admitted Pro Hac Vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE ALTMAN, *et al.*,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>COUNTY OF SANTA CLARA,<br>CALIFORNIA, *et al.*,<br><br><br>                    Defendants. | Case No. 4:20-cv-02180-JST<br><br><br>**DECLARATION OF BRANDON COMBS IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ISSUANCE OF PRELIMINARY INJUNCTION** |

## DECLARATION OF BRANDON COMBS

I, Brandon Combs, declare as follows:

1.    I am the President of Firearms Policy Coalition, Inc. ("FPC").

2. FPC is a non-profit organization incorporated under the laws of Delaware, with a place of business in Sacramento, California.

3. FPC's mission is to defend and promote the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advance individual liberty, and restore freedom. To that end, FPC's purposes are: (A) To protect and defend the Constitution of the United States and the People's rights, privileges and immunities deeply rooted in this Nation's history and tradition, especially the inalienable, fundamental, and individual right to keep and bear arms; (B) To protect, defend, and advance the means and methods by which the People of the United States may exercise those rights, including, but not limited to, the acquisition, collection, transportation, exhibition, carry, care, use, and disposition of arms for all lawful purposes, including, but not limited to, self-defense, hunting, and service in the appropriate militia for the common defense of the Republic and the individual liberty of its citizens; (C) To foster and promote the shooting sports and all lawful uses of arms; and, (D) To foster and promote awareness of, and public engagement in, all of the above.

4. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

5.  FPC has members, including the individually named Plaintiffs and others, and supporters, who have all the indicia of membership, in the State of California, including in Defendants' jurisdictions.

6.  FPC represents its members and supporters—who include gun owners, individuals who wish to acquire firearms and ammunition, licensed California firearm retailers, shooting ranges, trainers and educators, and others—and brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public.

7.  As detailed in the Plaintiffs' First Amended Complaint, Plaintiffs, Plaintiffs' members and customers, and other similarly situated individuals would exercise the fundamental human right to acquire, keep, bear, and practice proficiency training and shooting with arms – including firearms, ammunition, magazines, and appurtenances – for lawful purposes including self-defense, and would do so, but for fear of liability and prosecution under Defendants' laws, orders, policies, practices, customs, and enforcement actions.

8.  Since the Defendants began issuing and enforcing the orders and directives at issue in this case, I and other FPC representatives have spent time speaking to affected retailers, including some shut down by Defendants' orders and enforcement actions, evaluating damages caused by the Defendants and associated impacts to the public and the retailers, ranges and others that

provide access to constitutionally protected items, services, and conduct.

9. Firearm and ammunition product manufacturers, retailers, importers, distributors, and shooting ranges are essential businesses that provide essential access to constitutionally protected fundamental, individual rights.

10. If firearms and ammunition could be purchased online like other constitutionally protected artifacts, such as paper, pens, ink, and technology products that facilitate speech, then individuals could simply purchase what they need and have the items delivered to their doorsteps. But because of an onerous and complicated federal, state, and local regulatory scheme, people in California cannot exercise their Second Amendment right to keep and bear arms without going in person to such essential businesses at least once for ammunition, and at least twice for firearms.

11. In California, individuals are required to purchase and transfer firearms and ammunition through state and federally licensed dealers in face-to-face transactions or face serious criminal penalties.

12. Shuttering access to arms, the ammunition required to use those arms, and the ranges and education facilities that individuals need to learn how to safely and competently use arms for self-defense and all lawful purposes, necessarily closes off the Constitutional right to learn about, practice with, and keep and bear those arms.

13. By forcing duly licensed, essential businesses to close or eliminate key services for the general public, government authorities are foreclosing the only lawful means to buy, sell, and transfer firearms and ammunition available to typical, law-abiding individuals in California. Such a prohibition on the right to keep and bear arms is categorically unconstitutional.

14. In addition to violating constitutionally protected rights, Defendants are causing severe economic harm to essential businesses in the firearms industry and their workers engaged in the operation of firearm and ammunition product manufacturing, retail, import and export, distribution, and shooting ranges.

15. If the Defendants' Orders and enforcement actions are not enjoined, additional harm will result from the permanent closure of small businesses that provide law-abiding adults with access to constitutionally protected products and services.

16. FPC has and continues to expend and divert resources, and has been and continues to be adversely and directly harmed, because of Defendants' laws, policies, orders, practices, customs, and enforcement actions.

17. Accordingly, and for reasons set for in Plaintiffs' application and motion, I respectfully ask this Court to grant the application and/or motion for preliminary injunction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 9, 2020.

_____

Brandon Combs