1  George M. Lee (SBN 172982)
   gml@seilerepstein.com
2  SEILER EPSTEIN LLP
3  275 Battery Street, Suite 1600
   San Francisco, California 94111
4  Phone: (415) 979-0500
   Fax: (415) 979-0511
5
6  Raymond M. DiGuiseppe (SBN 228457)
   law.rmd@gmail.com
7  THE DIGUISEPPE LAW FIRM, P.C.
   4320 Southport-Supply Road, Suite 300
8  Southport, North Carolina 28461
   Phone: 910-713-8804
9  Fax: 910-672-7705
10
   Adam Kraut, Esq. (admitted *pro hac vice*)
11 akraut@fpclaw.org
   FIREARMS POLICY COALITION
12 1215 K Street, 17th Floor
   Sacramento, CA 95814
13 (916) 476-2342
14
15 Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE ALTMAN, an individual, et al.<br><br>            Plaintiffs,<br><br>      vs.<br><br>COUNTY OF SANTA CLARA, CALIFORNIA, et al.<br><br>            Defendants. | Case No. 4:20-cv-02180-JST<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER, AND ISSUANCE OF ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>**[PROPOSED] ORDER SETTING HEARING AS PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:       TBA<br>Time:       TBA<br>Location:   TBA<br>Judge:      Hon. Jon S. Tigar<br><br><u>First Amended Complaint Filed Apr. 10, 2020</u> |

# TEMPORARY RESTRAINING ORDER
# AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

The Court has considered the application of Plaintiffs Janice Altman, Ryan Goodrich, Albert Lee Swann, Roman Kaplan, Yan Traytel, Dmitri Danilevsky, Greg David, Scott Chalmers, City Arms East LLC, City Arms LLC, Cuckoo Collectibles LLC d.b.a. Eddy's Shooting Sports, Second Amendment Foundation, California Gun Rights Foundation, National Rifle Association of America, California Association of Federal Firearms Licensees, Inc., and Firearms Policy Coalition, Inc. ("Plaintiffs"), for the issuance of a Temporary Restraining Order (TRO) and Order to Show Cause (OSC) why a Preliminary Injunction Should Not Issue, filed on April 3, 2020 ("Application").  Plaintiffs' Application was made pursuant to Fed. Rule of Civ. Pro. 65, and Northern District Civ. Local Rule 65-1.  [Defendants have opposed/stated their intention to oppose the Application].  The Court has considered all papers submitted in support of [and in opposition to] the Plaintiffs' Application, and good cause appearing, hereby ORDERS as follows:

Plaintiffs' Application for the issuance of a Temporary Restraining Order is hereby GRANTED.  Defendants County of Santa Clara, Laurie Smith (sued in her Capacity as Sheriff of the County of Santa Clara), Jeffrey Rosen (sued in his official capacity as Santa Clara County District Attorney), Sara Cody (sued in her official capacity as Santa Clara County Health Officer), City of San Jose, California, Sam Liccardo (sued in his official capacity as Mayor of San Jose), Edgardo Garcia (sued in his official capacity as Chief of Police for the City of San Jose), City of Mountain View, California, Max Bosel (sued in his official capacity as the Chief of Police for the City of Mountain View), County of Alameda, California, Gregory Ahern (sued in his capacity as Sheriff of the County of Alameda), Erica Pan (sued in her capacity as Health Officer of the County of Alameda), County of San Mateo, California, Carlos Bolanos (sued in his

capacity as Sheriff of the County of San Mateo), Scott Morrow (sued in his capacity as San Mateo County Health Officer), City of Pacifica, California, Dan Steidle (sued in his official capacity as the Chief of Police for the City of Pacifica), County of Contra Costa, California, David Livingston (sued in his capacity as Sheriff of the County of Contra Costa), Chris Farnitano (sued in his capacity as Health Officer of Contra Costa County), City of Pleasant Hill, California, and Bryan Hill (sued in his official capacity as Chief of Police for the City of Pleasant Hill) ("Defendants"), and each of their respective employees, officers, agents, representatives, and those acting in concert or participation with them, are hereby RESTRAINED and temporarily enjoined from forcing or compelling the closure of retail firearm and ammunition businesses on the grounds they are "non-essential businesses" under their "ORDER OF THE HEALTH OFFICER OF THE COUNTY OF SANTA CLARA DIRECTING ALL INDIVIDUALS LIVING IN THE COUNTY TO SHELTER AT THEIR PLACE OF RESIDENCE," etc., issued on March 16, 2020 and as revised on March 31, 2020 ("Santa Clara County Orders"); the "ORDER OF THE HEALTH OFFICER OF THE COUNTY OF ALAMEDA DIRECTING ALL INDIVIDUALS LIVING IN THE COUNTY TO SHELTER AT THEIR PLACE OF RESIDENCE," etc., issued on March 16, 2020 and as revised on March 31, 2020 ("Alameda County Orders"); the ORDER OF THE HEALTH OFFICER OF THE COUNTY OF SAN MATEO DIRECTING ALL INDIVIDUALS LIVING IN THE COUNTY TO SHELTER AT THEIR PLACE OF RESIDENCE," etc., issued March 16, 2020 and as revised on March 31, 2020 ("San Mateo County Orders"); the "ORDER OF THE HEALTH OFFICER OF THE COUNTY OF CONTRA COSTA DIRECTING ALL INDIVIDUALS LIVING IN THE COUNTY TO SHELTER AT THEIR PLACE OF RESIDENCE," etc., issued on March 16, 2020 and as revised on March 31, 2020 ("Contra Costa County Orders"); and the orders, polices, practices and customs of the Santa Clara County Sheriff's Department, the Santa Clara County District Attorney's Office, the San Jose Police Department, the Mountain View Police Department, the Alameda County Sheriff's Department, the San Mateo County

Sheriff's Department, Pacifica Police Department, the Contra Costa County Sheriff's Department, and the Pleasant Hill Police Department.

The Court finds that Plaintiffs have demonstrated a likelihood of success on the merits, a likelihood of irreparable harm absent relief, that the balance of equities favor the issuance of a TRO, and that the temporary injunction promotes the public interest in the constitutional questions presented by the Application.

It is further ORDERED, pursuant to Northern District Civ. L.R. 65-1(c), this Court shall fix a hearing date on plaintiffs' Application, and issues this ORDER TO SHOW CAUSE why a Preliminary Injunction Should Not Issue to provide Plaintiffs with preliminary injunctive relief, pending the resolution of the merits of their claims, that would enjoin Defendants and their respective agents, officers, employees, and representatives, and those acting in concert or participation with them, from implementing or enforcing any order, mandate, policy, proclamation, rule, or regulation related to the Defendants' orders, policies, practices, and customs, to the extent that such orders, policies and practices would force or compel the closure of retail firearm and ammunition businesses on the grounds they are "non-essential businesses" during the COVID-19 pandemic.

The parties are hereby ORDERED to appear on _____, 2020, at ____ a.m./p.m. in Courtroom 6 of this Court, at 1301 Clay Street, Oakland, California, Hon. Jon S. Tigar presiding, or to appear remotely as the current circumstances may require, for hearing on the foregoing Order to Show Cause. Defendants' opposition, if any, to the Order to Show Cause shall be filed no later than 5:00 p.m. on _____, 2020, and Plaintiffs' reply memorandum, if any, shall be filed no later than 5:00 p.m. on _____, 2020.

Plaintiffs shall not be required to post a bond.

SO ORDERED.

Dated: _____  _____

Hon. Jon S. Tigar
UNITED STATES DISTRICT JUDGE

**ALTERNATIVE ORDER SCHEDULING HEARING AS PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

It hereby ORDERED that the Plaintiffs' Application shall be deemed to be a motion for Preliminary Injunction, pursuant to FRCP 65, and Northern District Civ. L.R. 65.

The parties are hereby ORDERED to appear on _____, 2020, at \_\_\_\_ a.m./p.m. in Courtroom 6 of this Court, at 1301 Clay Street, Oakland, California, Hon. Jon S. Tigar presiding, or to appear remotely as the current circumstances may require, for hearing on the foregoing Order to Show Cause. Defendants' opposition, if any, to the Order to Show Cause shall be filed no later than 5:00 p.m. on _____, 2020, and Plaintiffs' reply memorandum, if any, shall be filed no later than 5:00 p.m. on _____, 2020.

SO ORDERED.

Dated: _____  _____

Hon. Jon S. Tigar
UNITED STATES DISTRICT JUDGE