UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE ALTMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-02180-JST<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER; SCHEDULING ORDER RE APPLICATION FOR PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 20 |

Earlier today, Plaintiffs filed an "Application for Temporary Restraining Order, and/or in the Alternative, Motion for Issuance of a Preliminary Injunction." ECF No. 20. The Court will deny the application for temporary restraining order and set a hearing on the request for injunction.

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "A temporary restraining order is distinguished by its 'underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'" *Patmont Motor Werks, Inc. v. Pedego LLC*, No. 3:11-cv-00822-LRH (VPC), 2012 WL 13071201, at *1 (D. Nev. Mar. 6, 2012) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

Plaintiffs make no effort in their application to meet the requirements of Rule 65(b)(1), and specifically have not shown that an "immediate and irreparable" injury will result that outweighs Defendants' right to reasonable notice and opportunity to be heard. As the Supreme Court noted

in *Granny Goose*, "[t]he stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose*, 415 U.S. at 438-39.  Plaintiffs' ten-day delay between filing their original complaint and seeking equitable relief further support the Court's conclusion that allowing Defendants a reasonable opportunity to respond is appropriate.  *See Lee v. Haj*, No. 1:16-cv-00008-DAD(SAB), 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016) ("Parties facing the threat of immediate and irreparable harm generally seek a temporary restraining order as quickly as possible." (citations omitted)).  The Court therefore denies the request for a temporary restraining order.

In issuing this order, the Court expresses no view on whether an injunction is appropriate. *See Toyo Tire & Rubber Co. v. Toyama Tyre Corp.*, No. 2:13-CV-02062-GMN, 2013 WL 5970979, at *3 (D. Nev. Nov. 8, 2013) ("Although Plaintiffs may be able to carry their burden for the issuance of a preliminary injunction, the Court cannot find that the issuance of an injunction without notice to Defendants (in the form of a temporary restraining order) is appropriate.").

Defendants' opposition to Plaintiffs' application is due by April 24, 2020 at 5:00 p.m. Plaintiffs' reply is due by May 1, 2020 at 5:00 p.m.  The Court will conduct a hearing on May 13, 2020 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: April 10, 2020



JON S. TIGAR
United States District Judge