George M. Lee (SBN 172982)
gml@seilerepstein.com
SEILER EPSTEIN LLP
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511

Raymond M. DiGuiseppe (SBN 228457)
law.rmd@gmail.com
THE DiGUISEPPE LAW FIRM, P.C.
4320 Southport-Supply Road, Suite 300
Southport, North Carolina 28461
Phone: 910-713-8804
Fax: 910-672-7705

Adam Kraut, Esq. (Admitted *pro hac vice*)
akraut@fpclaw.org
FIREARMS POLICY COALITION
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 476-2342

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE ALTMAN, an individual, et al.<br><br>               Plaintiffs,<br>vs.<br><br>COUNTY OF SANTA CLARA, CALIFORNIA, et al.<br><br>               Defendants. | Case No. 4:20-cv-02180-JST<br><br>**SUPPLEMENTAL DECLARATION OF ROMAN KAPLAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:     May 20, 2020<br>Time:    2:00 p.m.<br>Judge:  Hon. Jon Tigar |

### SUPPLEMENTAL DECLARATION OF ROMAN KAPLAN

I, Roman Kaplan, declare as follows:

1. I am an adult resident of the County of Contra Costa, California, the co-owner and individually licensed operator of Plaintiff City Arms East LLC ("City Arms East") in the City of

1  Pleasant Hill, California, and am personally named as a plaintiff in the above matter. I have
2  personal knowledge of the facts stated herein, and if called as a witness could competently testify
3  thereto.
4      2.   This supplemental declaration is executed in support of Plaintiffs' supplemental
5  briefing on the issue of mootness, in support of our motion for a preliminary injunction.
6      3.   As previously stated in my original Declaration in Support of the Plaintiffs'
7  Application For Temporary Restraining Order And Issuance Of Preliminary Injunction dated
8  April 9, 2020, I was informed on March 25, 2020, by officers of Defendants City of Pleasant Hill
9  and Police Chief Hill that City Arms East could no longer conduct new sales or transfers of
10 firearms and ammunition without violating the City and County of Contra Costa's respective
11 orders and enforcement practices related thereto. Because of the defendants' laws, policies,
12 orders, practices, customs and enforcement actions, and reasonable fear of enforcement against
13 us, we ceased conducting sales and transfers of firearms and ammunition in accordance with law
14 enforcement directives.
15     4.   On May 27, 2020, I reviewed Defendants' Joint Opposition to Plaintiffs'
16 Supplemental Brief [ECF 55] pertaining to the question of mootness, and Defendants' Request
17 for Judicial Notice in Support of Defendants' Joint Opposition [ECF 56], with a specific interest
18 in defendants' position that the new county orders allow City Arms East to conduct the sale,
19 handling, and transfer of firearms and ammunition outside of our licensed premises, including
20 through curbside and home delivery of firearms and ammunition, and effectively "moot" our and
21 other plaintiffs' need and request for preliminary injunctive relief.
22     5.   Based upon our desire to reopen the store, on May 28, 2020, I spoke with
23 California Department of Justice (DOJ) Field Representative Melissa Bonetti for guidance as to
24 whether the DOJ would allow curbside transfers of firearms and ammunition. I am informed and
25 believe that Field Representative Bonetti, in her role as a DOJ Bureau of Firearms (BOF) Field
26 Representative, is responsible for inspecting firearm dealers and has the power to take action
27 against licensees, including me and Plaintiffs Traytel and City Arms East.
28     6.   In my conversation with Field Representative Bonetti, I asked her if the physical

1  delivery of a firearm may take place at the threshold of our licensed premises, and partially
2  outside the building. Field Representative Bonetti told me that the DOJ considered our business
3  premises to be the physical building itself, and that no part of the transfer, including delivery,
4  could take place beyond the doors of or outside of the building described in the license, such as
5  on a sidewalk, in a parking lot or alley, in a car, or in someone's home.
6        7.      I also asked Field Representative Bonetti if the administration of the Firearm
7  Safety Certificate requirements, i.e., a written test required pursuant to Pen. Code § 31610 et
8  seq., and which is to be administered by a firearms dealer pursuant to § 31640(f), may take place
9  beyond the door of our licensed premises or outside the building, such as on a sidewalk, or in a
10 car. Field Representative Bonetti said that dealers could not, consistent with the statute
11 (presumably section 31640(f): "A dealer licensed pursuant to Sections 26700 to 26915, inclusive,
12 or an employee, or a managing officer or partner certified as an instructor pursuant to this article,
13 shall designate a separate room or partitioned area for a person to take the objective test, and
14 maintain adequate supervision to ensure that no acts of collusion occur while the objective test is
15 being administered"). She specifically told me that we, as a licensed firearms dealer
16 administering the test, must maintain control of the teaching and testing environment at all times,
17 and therefore, under DOJ BOF requirements and State laws that apply to us, we cannot conduct
18 FSC testing beyond the door of our licensed premises or outside the building, such as on a
19 sidewalk or in a car.
20       8.      I also asked Field Representative Bonetti if the firearm safe-handling
21 demonstration required by Pen. Code § 26850 may take place beyond the door of our licensed
22 premises or outside the building, such as on a sidewalk. Field Representative Bonetti told me that
23 under DOJ BOF requirements and State laws that apply to us, we could not, and that the firearm
24 handling demonstration must be conducted under our complete control. Based on her response to
25 me, I asked Field Representative Bonetti if she would cite a firearms dealership and licensee, like
26 me and plaintiff City Arms East, for a violation of State laws and regulations if she were to
27 observe a firearm safe handling demonstration taking place outside of our store. Field
28 Representative Bonetti told me that she would so cite a firearms dealer.

9. Based upon the statements of Bureau of Firearms Field Representative Bonetti, I would refrain from attempting to perform any part of the transfer of firearms at or outside of the threshold of the store, for potential loss of our license and exposure to other liability.

10. Unless a preliminary injunction issues that allows me and our legally eligible customers to conduct all business, including federal and state requirements, and physically transfer firearms and ammunition inside our licensed premises inside the building in which it is located, I and plaintiff City Arms East continue to be forced to completely refrain from firearm and ammunition transfers by defendants' laws, policies, orders, practices, customs and enforcement actions, thus preventing us from serving our customers and other law-abiding members of the public who would leave their homes and purchase and take possession of firearms and ammunition so that they can exercise their fundamental, constitutional rights.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 29, 2020

ROMAN KAPLAN