George M. Lee (SBN 172982)
gml@seilerepstein.com
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, California 94111
Phone: (415) 979-0500
Fax: (415) 979-0511

Raymond M. DiGuiseppe (SBN 228457)
law.rmd@gmail.com
**THE DIGUISEPPE LAW FIRM, P.C.**
4320 Southport-Supply Road, Suite 300
Southport, North Carolina 28461
Phone: 910-713-8804
Fax: 910-672-7705

Adam Kraut, Esq. (Admitted *pro hac vice*)
akraut@fpclaw.org
**FIREARMS POLICY COALITION**
1215 K Street, 17th Floor
Sacramento, CA 95814
(916) 476-2342

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE ALTMAN, an individual, et al.<br><br>                    Plaintiffs,<br><br>          vs.<br><br>COUNTY OF SANTA CLARA,<br>CALIFORNIA, et al.<br><br>                    Defendants. | Case No. 4:20-cv-02180-JST<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF COURT'S ORDER [ECF NO. 61]**<br><br>NO HEARING REQUESTED |

## **MOTION FOR CLARIFICATION**

Plaintiffs Janice Altman, et al. ("plaintiffs") respectfully make this motion for

clarification of the Court's Order Denying Preliminary Injunction [ECF No. 61], as it pertains to

1   the dismissal of any defendants that this Court intended to dismiss by way of that Order, pursuant

2   to N.D. Civ. L.R. 7-11 and Fed. R. Civ. Pro. 60(a). Unless it may please the Court, no hearing is

3   requested on this motion.

4

5                                       **PROCEDURAL HISTORY**

6        Plaintiffs filed this action to challenge the defendants' closures of Bay Area gun stores,

7   federal firearms licensees (FFLs), and gun ranges pursuant to the county health officer orders to

8   abate the spread of the COVID-19 pandemic, and the defendants' polices and enforcement

9   practices regarding those forced closures, on March 31, 2020. On April 10, 2020, plaintiffs filed

10  their First Amended Complaint [ECF No. 19], and immediately filed an application for TRO, or

11  in the alternative, for a preliminary injunction [ECF No. 20]. The Court denied the TRO, and set

12  the matter for hearing as a motion for preliminary injunction. [ECF No. 22].

13       After the parties briefed the matter, and upon one continuation of the hearing, plaintiffs'

14  motion was heard on May 20, 2020. [ECF No. 50]. Following supplemental briefing on the issue

15  of mootness, the matter was submitted, and the Court issued its Order Denying Preliminary

16  Injunction on June 2, 2020 [ECF No. 61] ("Order").[1]

17

18                                    **REQUEST FOR CLARIFICATION**

19       At issue is that portion of the Court's Order Denying Preliminary Injunction which states

20  as follows:

21       Because Plaintiffs in San Mateo, Santa Clara, and Contra Costa Counties are now
         clearly able to purchase firearms and ammunition (or will be once the Orders go
22       into effect), the Court holds that the case is moot as to those Defendants. The San
         Mateo, Santa Clara, and Contra Costa Defendants are hereby dismissed.
23

24

25
    _____

26  [1]Initially, the court's docket indicated that an identical order was entered on June 3, 2020 [ECF
    No. 62], and this is the docket entry/order which the parties were referring to in their
27  correspondence (Exhibit A). A clerk's notation appears to indicate that this was an erroneous,
    duplicative entry.  (See docket text for ECF No. 62).
28

1  (Order at 8:5-8).

2      Plaintiffs make this request for the Court to clarify this portion of the Order, to specify

3  which defendants, if any, it intended to dismiss pursuant to the Order, pursuant to Civ. Local

4  Rule 7-11, and/or Fed. Rule of Civil Procedure 60(a).

5      In the Ninth Circuit, Rule 60(a) is interpreted to permit "clarification and explanation...

6  even in the absence of ambiguity." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012).

7  "[F]idelity to the intent behind the original judgment" is the "touchstone" of Rule 60(a). *Id*. at

8  1078. This Rule "allows a court to clarify a judgment in order to correct a failure to memorialize

9  part of its decision, to reflect the necessary implications of the original order, to ensure that the

10  court's purpose is fully implemented, or to permit enforcement." *Tattersalls, Ltd. v. DeHaven*,

11  745 F.3d 1294, 1298 (9th Cir. 2014) (citing *Garamendi*, 683 F.3d at 1079). Any correction must

12  "reflect the contemporaneous intent of the district court as evidenced by the record." *Garamendi*,

13  683 F.3d at 1079-80.

14

15  ### EFFORTS TO MEET AND CONFER, AND DEFENDANTS' POSITION

16      Following issuance of the Court's Order, undersigned counsel for plaintiffs sent an email

17  to counsel for all defendants asking whether they would be willing to join in the instant

18  motion/application for clarification of the Order on June 4, 2020.  (See *infra*, Lee Decl., ¶ 3; Exh.

19  A).

20      On June 5, 2020, counsel for the County of Santa Clara, apparently speaking for all

21  defendants, indicated their position as follows:

22      We interpret the order as dismissing not only Santa Clara, San Mateo, and Contra
       Costa Counties, but also the individual defendants associated with those entities
23      and the City Defendants within their jurisdictions.  But we are agreeable to
       seeking clarification of the order by filing a stipulation and proposed order of
24      dismissal as to the following defendants: County of Santa Clara, Laurie Smith,
       Jeffrey Rosen, Sara Cody, City of San José, Sam Liccardo, Edgardo ("Eddie")
25      Garcia, City of Mountain View, Max Bosel, County of San Mateo, Carlos
       Bolanos, Scott Morrow, City of Pacifica, Dan Steidle, County of Contra Costa,
26      David Livingston, Chris Farnitano, City of Pleasant Hill, and Bryan Hill.

27

28  (Lee Decl., ¶ 4; Exh. A).

1     Plaintiffs do not dispute that this is a reasonable interpretation of the Court's Order, but

2  cannot stipulate to dismissal of these defendants if, in fact, that is not what this Court intended.

3  (Lee Decl., ¶ 5).  Accordingly, plaintiffs respectfully request clarification of the Order so as to

4  specify which, if any, defendants the Court intended to dismiss by such Order.

5     Respectfully submitted,

6   Dated: June 12, 2020                    **SEILER EPSTEIN LLP**

7

8                                           /s/ *George M. Lee*
                                            George M. Lee

9

10                                          Attorney for Plaintiffs

11

12                                          ▪ ▪ ▪

13              **DECLARATION OF GEORGE M. LEE**
       **IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER**

14

15     I, George M. Lee, declare as follows:

16     1.     I am an attorney at law, duly licensed to practice law in this state and appear

17  before its courts. I am admitted to the Northern District of California.  I am counsel of record for

18  plaintiffs Janice Altman et al. in the above-captioned matter.  I have personal knowledge of the

19  facts stated herein and, if called as a witness, could and would competently testify to such facts.

20     2.     This declaration is executed in support of the foregoing motion for clarification of

21  the Court's Order Denying Preliminary Injunction [ECF No. 61], as it pertains to the dismissal of

22  any defendants that this Court intended to dismiss by way of that Order.

23     3.     Following the Court's Order, on June 4, 2020, I sent an email to counsel for all

24  defendants, advising them of plaintiffs' intention to bring this motion, and to specifically draw

25  the Court's attention that portion of the order by which "[t]he San Mateo, Santa Clara, and

26  Contra Costa Defendants are hereby dismissed." (Order at 8:5-8).

27     4.     On June 5, 2020, counsel for the County of Santa Clara, apparently speaking for

28  all defendants, indicated their position as follows:

1
2
3
4
5
6

We interpret the order as dismissing not only Santa Clara, San Mateo, and Contra Costa Counties, but also the individual defendants associated with those entities and the City Defendants within their jurisdictions.  But we are agreeable to seeking clarification of the order by filing a stipulation and proposed order of dismissal as to the following defendants: County of Santa Clara, Laurie Smith, Jeffrey Rosen, Sara Cody, City of San José, Sam Liccardo, Edgardo ("Eddie") Garcia, City of Mountain View, Max Bosel, County of San Mateo, Carlos Bolanos, Scott Morrow, City of Pacifica, Dan Steidle, County of Contra Costa, David Livingston, Chris Farnitano, City of Pleasant Hill, and Bryan Hill.

7       A true and correct copy of my original email of June 4, 2020, and counsel's response of June 5,

8       2020, is attached hereto as **Exhibit A**.

9              5.      Plaintiffs do not dispute that theirs is a reasonable interpretation of the Court's

10      Order, but we cannot stipulate to dismissal of these referenced defendants if, in fact, that is not

11      what this Court intended. Accordingly, clarification is respectfully requested to specify which, if

12      any, defendants the Court intended to dismiss by way of its Order.

13             I declare under penalty of perjury that the foregoing is true and correct.

14      Dated: June 12, 2020                              /s/ *George M. Lee*
                                                          George M. Lee
15
16                                                        SEILER EPSTEIN LLP
                                                          Attorney for Plaintiffs Janice Altman, et al.
17
18
19
20
21
22
23
24
25
26
27
28