1  DONNA R. ZIEGLER [SBN 142415]
   County Counsel
2  RAYMOND L. MACKAY [SBN 113230]
   Senior Deputy County Counsel
3  Office of the County Counsel
   COUNTY OF ALAMEDA
4  1221 Oak Street, Suite 450
   Oakland, California 94612
5  Telephone:  (510) 272-6700
6  *Attorneys for Defendants County of Alameda,*
   *Gregory J. Ahern and Erica Pan*
7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11

12  JANICE ALTMAN, et al.,                 Case No.: 4:20-cv-02180-JST

13              Plaintiffs,                **DEFENDANTS COUNTY OF ALAMEDA,
                                           GREGORY J. AHERN, AND ERICA PAN'S
14       v.                                NOTICE OF MOTION AND MOTION TO
                                           DISMISS PLAINTIFFS' FIRST AMENDED
15  COUNTY OF SANTA CLARA, *et al.*,       COMPLAINT; AND SUPPORTING
                                           MEMORANDUM OF POINTS AND
16              Defendants.                AUTHORITIES**
                                           [FRCP Rule 12(b)(1) and (b)(6)]
17
                                           Hearing Date:    August 12, 2020
18                                         Hearing Time:    2:00 PM
                                           Courtroom:       6; 2nd Floor
19                                         Location:        1301 Clay St., Oakland, CA
                                           Judge:           The Hon. Jon S. Tigar
20

21

22  **TO PLAINTIFFS AND COUNSEL OF RECORD:**

23       **NOTICE IS HEREBY GIVEN** that, on the above date and time in the above Courtroom, and

24  pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1) and 12(b)(6), the Defendants

25  County of Alameda, Gregory J. Ahern, and Erica Pan, will move the Court for an Order dismissing

26  Plaintiffs' First Amended Complaint ("FAC"), ECF No. 19, against these Defendants.

27       Alternatively, Defendants will move to dismiss the Due Process claim, Count Two in Plaintiffs'

28  FAC. FAC ¶¶ 147-155, ECF No. 19.

                                           1

The Motion is made because, on June 18, 2020, the County Public Health Officer issued a revised Public Health Order further opening retail business within the County, rendering moot the case against these Defendants. Alternatively, should the Court determine the case against these Defendants is not moot, the Motion is made because Plaintiffs fail to allege facts in the FAC establishing a plausible Due Process claim against these Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    BACKGROUND AND COUNTY'S PUBLIC HEALTH ORDERS

The State of California, our country, and the entire world are in the midst of an unparalleled public health emergency due to the novel coronavirus and the disease it causes, COVID-19. *See* Ct. Order at 2, June 2, 2020, ECF No. 61[1]. In California, as of Monday, June 29, 2020, there have been 216,550 confirmed cases of COVID-19, and 5,936 deaths. *See* State of California, COVID-19 Dashboard, https://covid-19.ca.gov/ (June 29, 2020). In Alameda County alone (not including the City of Berkeley, which has its own Public Health Department), as of June 28, 2020, there have been 5,615 confirmed cases and 132 deaths. *See* County of Alameda, COVID-19 Dashboard, https://ac-hcsa.maps.arcgis.com/apps/opsdashboard/index.html#/1e0ac4385cbe4cc1bffe2cf7f8e7f0d9 (June 28, 2020). As shocking as they are, these numbers understate the damage inflicted by the virus.

In response to this extraordinary challenge, both the State of California and local health officers across the state have issued "shelter in place" orders under the broad powers granted them by the California Legislature to control the spread of communicable diseases. Ct. Order at 3, June 2, 2020, ECF No. 61; Cal. Health & Safety Code §§101085, 120175. To slow the spread of COVID-19, on March 16, 2020 Alameda County's health officer, in concert with six other Bay Area health officers, issued the first shelter in place orders in the United States. FAC ¶ 93, ECF No. 19; E. Pan Decl. Ex. A, at 11-17, ECF No. 46-6 (The County's complete Public Health Orders are found that http://www.acphd.org/2019-ncov/health-officer-orders.aspx). The County's March 16, 2020 Order has

---

[1] In the Court's June 2, 2020 Order denying Plaintiffs' Application for a Preliminary Injunction, the Court outlined the background and history the COVID-19 pandemic. *See* Ct. Order, June 2, 2020, ECF No. 61.

been previously filed with the Court at E. Pan Decl. Ex. A, at 11-17, ECF No. 46-6; a copy is also attached as **Exhibit A** to the Declaration of Counsel, Raymond L. MacKay, filed and served herewith ("MacKay Declaration").

The March 16, 2020 Order required nonessential businesses to cease all activities at facilities located within the County except for minimal basic operations. E. Pan Decl. Ex. A, at 2, ECF No. 46-6; MacKay Decl. Ex. A. There were 21 categories of essential businesses, such as grocery stores, healthcare operations, and banks. E. Pan Decl. Ex. A, at 5-7, ECF No. 46-6; MacKay Decl. Ex. A, at 5-7. Firearm and ammunition retailers were not among those listed categories. *Id.*

On March 31, 2020, the County Public Health Officer ("PHO") issued an Order superseding the March 16, 2016 Order and extending the shelter in place until May 3, 2020. E. Pan Decl. Ex. B, at 1-13, ECF No. 46-6; MacKay Decl. Ex. B.

On April 29, 2020, in light of the progress achieved in slowing the spread of COVID-19, the County PHO issued a superseding Order allowing additional essential businesses and outdoor businesses to resume operating and extending the deadline until May 31, 2020. E. Pan Decl. Ex. C, at 1-16, ECF No. 46-6; MacKay Decl. Ex. C, at 1, 6-15 of 16.

Subsequently, on May 18, 2020, due to the further progress achieved in slowing the spread of COVID-19, the County PHO issued a superseding Order allowing a limited number of "Additional Businesses" to resume operating, subject to specified conditions and precautions to reduce associated risk of COVID-19 transmission. Def. Supplemental Req. for Judicial Notice Ex. B, at 1-17, Appendix C-1, ECF No. 50; *see also* MacKay Decl. Ex. D, at 2-3, 16, Appendix C-1. As part of this Order, the PHO permitted curbside or storefront pick up and/or delivery by retail stores. This May 18, 2020 Order specified that the County's PHO would continue to review whether modifications of the Order were warranted based on County-specific "COVID-19 Indicators," including the trend of new cases and hospitalizations per day; the capacity of hospitals and health care facilities in the region, including acute and intensive care beds; the supply of personal protective equipment ("PPE") available for hospital and healthcare staff; the ability and capacity to quickly test for COVID-19 infection; and the capacity to conduct contact-tracing. Def. Supplemental Req. for Judicial Notice Ex. B, at 1-2, 5-6; Appendix C-1, ECF No. 50; *see also* MacKay Decl., Ex. D at 1-2, 5-6, Appendix C-1.

On June 5, 2020, the County PHO issued two new Orders, Order No. 20-13 requiring every person residing in the County to wear face coverings, with limited exceptions, and Order No. 20-14 extending the Shelter in Place Order with additional modifications of the prior Shelter in Place Order, including allowing small social gatherings (called "Social Bubbles") and the expansion of retail services. *See* MacKay Decl. Ex. F; MacKay Decl. Ex. G.

On June 18, 2020, the County PHO revised Order No. 20-14 to, among other things, permit all retail businesses to resume in-store retail sales. *See* MacKay Decl. Ex. H, at 3, 16, Appendix C. The June 18, 2020 Order, Order No. 20-14a, permitted indoor retail effective 8:00 a.m. on June 19, 2020, subject to "applicable industry guidance issued by the State of California" limits on maximum occupancy, and social distancing protocols, such as physical distancing, frequent hand-washing, and the use of face coverings. *See* MacKay Decl. Ex. H, Appendix C at 2-3.

## II.    ALLEGATIONS IN PLAINTIFF'S FAC

### A.    Plaintiffs

As applicable to these County Defendants, Plaintiffs include:

(1) a County resident (Albert Lee Swann) who wishes to "practice and exercise his right to keep and bear arms … and would do so, but for the reasonable and imminent fear of arrest and criminal prosecution under Defendant['s] laws, policies, orders, customs, and enforcement and because Defendant['s] orders and actions have closed firearm and ammunition retailers and ranges." FAC ¶ 13, ECF No. 19. According to the FAC, under the County's Public Health Orders, Mr. Swann "cannot purchase either firearms or ammunition except the relicensed firearms dealer and/or licensed ammunition vendor [and] "[he] and others similarly situated… are being prevented from exercising the right to keep and bear loaded, operable firearms for self-defense, including in the home." FAC ¶ 101, ECF No. 19; and,

(2) five (5) nonprofit entities focused on Second Amendment rights ("Institutional Plaintiffs") who bring the action on behalf of themselves and their members. FAC ¶¶ 22-26, ECF No. 19. [2]

---

[2] Plaintiffs also include certain "Retailer Plaintiffs." FAC ¶¶ 19-21, ECF No. 19. However, none of the identified Retailer Plaintiffs are allegedly located within the County of Alameda and there are no allegations that County of Alameda laws or orders forbid or otherwise interfere with those Retailers' businesses. *Ibid.*

DEFENDANTS COA, AHERN, AND PAN'S MOTION TO DISMISS - Case No: 4:20-cv-02180-JST

**B.      County Defendants**

In the FAC, Plaintiffs name as Defendants the County of Alameda, the County Sheriff Gregory

J. Ahern, responsible for enforcement of County laws and orders, and the County Interim Health

Officer Erica Pan, M.D., responsible for public health in the County. FAC ¶¶ 36-38, ECF No. 19.[3]

In its Order dated June 2, 2020, the Court observed that the Public Health Officers for the other

County Defendants (Santa Clara, San Mateo and Contra Costa County) had issued Orders permitting

retail businesses to resume socially distanced in-store sales. Ct. Order at 4-5, June 2, 2020, ECF No. 61.

Accordingly, the Court dismissed those Counties (as well as those Counties' Sheriffs and Public

Health Officers, and City Defendants located in those Counties) from the lawsuit because the Plaintiffs

were able to purchase firearms and ammunition in those Counties, and the Court determined that the

case was moot as to those Defendants. Ct. Order at 8, June 2, 2020, ECF No. 61; Ct. Order at 1, June

18, 2020, ECF No. 65.

**C.      Alleged Claims against the County Defendants**

**1.      Second Amendment Claim**

According to the FAC, "Defendant[s'] orders, policies, practices, customs, and enforcement

actions prohibit law-abiding individuals from purchasing firearms and ammunition for the purpose of

protecting themselves and their families (or for any other purpose). Independently and collectively,

these stand as a bar on firearms acquisition, ownership, and proficiency training at shooting ranges, and

thus amount to a categorical ban on and infringement of the right to keep and bear arms and the

privileges and immunities of citizenship." FAC ¶ 130, ECF No. 19.

Plaintiffs further allege that "Plaintiffs, Plaintiffs' Members and customers, and those similarly

situated to them, seek to exercise the right to keep and bear arms for self-defense of themselves and

their families, especially in times of crisis such as this." FAC ¶ 131, ECF No. 19.

*//*

---

[3] In this Motion, these three Defendants are collectively sometimes referred to as "the County
Defendants." The Defendant County of Alameda is sometimes referred to as "the County" unless
otherwise specified.

1       **2.**      **Due Process Claim**

2       According to the FAC, the County Defendants' orders, policies, practices, customs, and

3   enforcement actions also are arbitrary and capricious, overbroad and violate Plaintiffs' right to due

4   process of law. FAC ¶ 149, ECF No. 19.

5   **III.**    **RELEVANT PLEADING STANDARDS**

6       A complaint must contain a "short and plain statement of the claim showing that the pleader is

7   entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which

8   they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

9   Plaintiff's obligation is to provide the grounds of his entitlement to relief beyond mere "labels and

10  conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

11  allegations must be enough to raise a claim for relief above the speculative level...." *Twombly*, 550 U.S.

12  at 555 (internal citations omitted).

13      To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted

14  as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

15  (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotations omitted). "A claim has facial

16  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

17  inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not

18  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

19  acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are

20  'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

21  plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

22      In ruling on a Motion to Dismiss, a court need not accept as true legal conclusions or

23  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements...."

24  *Iqbal,* 556 U.S. at 678.

25  **IV.**    **ARGUMENT**

26      **A.**    **The Claims Raised in Plaintiffs' FAC are Moot**

27      The doctrine of mootness requires a Court to dismiss a case "when the issues presented are no

28  longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*,

568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*) (internal quotations omitted)). To avoid mootness, a dispute "must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Moreover, "the repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal." *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (*en banc*).

In its June 2, 2020 Order, this Court noted that "[t]he party alleging mootness bears a heavy burden in seeking dismissal. Ct. Order at 7, June 2, 2020, ECF No. 61 (citing *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency,* 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 189 (2000) (internal quotations omitted))). The Court further noted that "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Ct. Order at 7, June 2, 2020, ECF No. 61 (citing *Chafin v. Chafin,* 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (internal quotations omitted))).

As noted above, the Public Health Officers in Santa Clara, San Mateo and Contra Costa Counties issued Orders permitting retail businesses to resume in-store retail sales with social distancing and other safety protocols intended to stop the spread of COVID-19. *See* ECF #58 (20), Req. for Judicial Notice, June 1, 2020, ECF No. 59; and #60. As a result of their updated Orders, the Court found that Santa Clara, San Mateo and Contra Costa Counties met this "heavy burden" for dismissal on mootness grounds as Plaintiffs were found to be clearly able to purchase firearms and ammunition under the revised Orders, and thus the Court held that the case was moot as to those Defendants. Ct. Order at 8, June 2, 2020, ECF No. 61; Ct. Order at 1, June 18, 2020, ECF No. 65.

The County of Alameda Defendants now similarly meet this burden in seeking dismissal on mootness grounds. Through the June 18, 2020 Order, the County now permits on-site, indoor retail with social distancing and other safety protocols, just like the Orders issued just a few weeks earlier by the Health Officers in Santa Clara, San Mateo and Contra Costa Counties. MacKay Decl. Ex. H, at 2-3, Appendix C, at 2. As such, like its claims against Santa Clara, San Mateo, and Contra Costa, Plaintiffs' claims against the County Defendants are now moot based on the County's June 18, 2020 Order.

MacKay Decl. Ex. H. The June 18, 2020 Order (MacKay Decl. Ex H) unequivocally permits on-site, indoor retail and thus clearly permits Plaintiff Swann and others similarly situated to purchase firearms within the County. MacKay Decl. Ex. H, at 3, Appendix C, at 2.

In addition, since April 29, 2020, the Health Officer Orders have permitted access to outdoor facilities important to health and safety or for recreation. E. Pan Decl. Ex. C, at 1, 6-8, ECF No. 46-6; MacKay Decl. Ex C, at 1, 6-8. Thus, the County's Order permits Plaintiff Swann to meet proficiency needs. In the County, since May 2020, the Livermore Pleasanton Rod and Gun Club has been open to Mr. Swann for those purposes. *See* MacKay Decl. Ex I, J.

Consequently, here, Plaintiff Swann and others similarly situated lack a legally cognizable interest in the outcome of the litigation against the County Defendants, and there are no justiciable issues left to be decided. For those reasons, the Court should dismiss the FAC as moot and dismiss these County Defendants.

**B.     Should the Court Determine That the Case Against These County Defendants is Not Moot, Plaintiffs' Due Process Claim Should be Dismissed for Failure to State a Plausible Due Process Violation**

In the Due Process claim, Plaintiffs allege in conclusory fashion that the County Orders "do not define critical terms; they encompass protected and unprotected action; they omit definitions of key terms; they operate as complete ban; they do not require specific intent to commit an unlawful act; and they permit and encourage arbitrary and erratic arrests and convictions with too much discretion committed to law enforcement." FAC ¶ 153, ECF No. 19.[4]

The Fourteenth Amendment protects individuals against governmental deprivations of life, liberty or property without due process of law. The amendment has both procedural and substantive aspects. *See, e.g., United States v. Salerno*, 481 U.S. 739, 746 (1987).

//

---

[4] As noted in fn. 1, *supra*, Plaintiffs include "Retailer Plaintiffs" who suggest a "due process" violation for failing "to accord" those Retailers. FAC ¶ 153, ECF No. 19. However, none of those Retailer Plaintiffs are allegedly located within the County of Alameda and there are no allegations that County of Alameda laws or orders forbid or otherwise interfere with those Retailers' businesses. FAC ¶¶ 19-21, ECF No. 19.

"To prevail on a claim for a procedural due process violation, the party must prove 3 elements: 1) a protectable [life,] liberty or property interest, 2) government deprivation of that interest, and 3) a denial of adequate procedural protections." *Holman v. City of Warren*, 242 F. Supp. 2d 791, 803 (D. Or. 2002) (citing *Foss v. Nat'l Marine Fisheries Serv*., 161 F.3d 584, 588 (9th Cir. 1998)).

Substantive due process protects individuals from the arbitrary deprivation of their liberty by government. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) [hereinafter *Brittain*]; *see also Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (stating that substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'"). A substantive due process claim requires proof of two elements, *viz*., (1) "a government deprivation of life, liberty, or property" and, (2) because "only the most egregious official conduct can be said to be arbitrary in a constitutional sense," a plaintiff must also show "conscience shocking behavior by the government," *e.g.*, "conduct intended to injure in some way unjustifiable by any governmental interest." *Brittain*, 451 F.3d at 991; *see also County of Sacramento v. Lewis*, 523 U.S. 833, 847, fn. 8 (1998) (In a substantive due process claim, the threshold question is whether "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.").

Here, excluding conclusions per *Ashcroft,* 556 U.S. at 678, the FAC fails to allege facts alleging the necessary elements of either procedural or substantive Due Process:

- the FAC fails to allege how the County laws or Health Officer Orders denied Plaintiff Swann adequate procedural protections;

- the FAC fails to allege facts which identify the portion or portions of the County Orders that (allegedly) do not define critical terms or encompass protected or unprotected action or omit key terms or operate as a "complete ban" or that are otherwise constitutionally vague or arbitrary; and

- the FAC fails to allege facts identifying the portion or portions of the County Orders which allegedly encourage arbitrary or erratic arrests and convictions.

//

//

9

1    In sum, the FAC alleges no facts establishing a plausible claim that the County laws or Orders

2    denied Mr. Swann adequate procedural safeguards or that the County acted so arbitrarily that it "shocks

3    the conscience."

4    In fact, this Court has previously determined, based on evidence submitted in connection with

5    Plaintiffs' prior unsuccessful Application for a Preliminary Injunction, that the County's May 18, 2020

6    Order (MacKay Decl. Ex. D) easily satisfied constitutional due process requirements. Ct. Order at 31,

7    June 2, 2020, ECF No. 61 (citing *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). This Court

8    found that the May 18, 2020 Order was sufficiently clear and detailed in its wording and that "[p]rior

9    versions of the Order have provided similar levels of detail as to what was and was not permitted

10   throughout their duration." Ct. Order at 31, June 2, 2020, ECF No. 61.

11   Here, the County's subsequent June 18, 2020 Order (MacKay Decl. Ex. H) shows that it also

12   easily satisfies constitutional due process requirements. The Order substantially follows the earlier May

13   18, 2020 Order (which the Court as noted found met those constitutional requirements), plus the Order

14   now clearly allows for on-site, indoor retail. *See* MacKay Decl. Ex. H, at 3, Appendix C at 2.

15   **V.    CONCLUSION**

16   Based on the foregoing, the County Defendants request that this Motion to Dismiss be granted

17   and the FAC dismissed with prejudice as moot. Alternatively, if the Court determines the case against

18   these County Defendants is not moot, the Court should dismiss Plaintiff's Due Process claim because it

19   fails to plausibly establish a constitutional Due Process violation.

20

21   Dated: July 1, 2020                                    Respectfully Submitted,

22                                                          Office of the County Counsel for the
23                                                          County of Alameda, State of California

24   By  /s/ *Raymond L. Mackay*
                 _____
25                                                          RAYMOND L. MACKAY
                                                            Senior Deputy County Counsel

26
27                                                          *Attorneys for Defendants County of Alameda,*
                                                            *Gregory J. Ahern and Erica Pan*
28