DONNA R. ZIEGLER [SBN 142415]
County Counsel
RAYMOND L. MACKAY [SBN 113230]
Senior Deputy County Counsel
Office of the County Counsel
COUNTY OF ALAMEDA
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone:      (510) 272-6700

*Attorneys for Defendants County of Alameda,*
*Gregory J. Ahern and Erica Pan*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANICE ALTMAN, et al., | Case No.: 4:20-cv-02180-JST |
| Plaintiffs, | **DEFENDANTS COUNTY OF ALAMEDA, GREGORY J. AHERN AND ERICA PAN'S REPLY BRIEF TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | [FRCP Rule 12(b)(1) and (b)(6)] |
| COUNTY OF SANTA CLARA, *et al.*, | |
| Defendants. | Hearing Date:  August 12, 2020 |
| | Hearing Time:  2:00 p.m. |
| | Courtroom:      6; 2nd floor |
| | Location:        1301 Clay St. Oakland, CA |
| | Judge:            The Hon. Jon S. Tigar |

1

# **TABLE OF CONTENTS**

2
**Page**

3  I.    PLAINTIFFS' LAWSUIT AGAINST THE COUNTY OF ALAMEDA
       DEFENDANTS IS MOOT ............................................................................................. 1

4

5        A.    The June 18, 2020 Public Health Order Creates a Presumption of
             Mootness .......................................................................................................... 3

6
        B.    There is No Reasonable Expectation that the County or the County Public
7             Health Officer Will Reenact Previous Orders or "Revert Back" to Those
             Orders for Firearm/Ammunition Retailers or Shooting Ranges ....................... 4

8
        C.    Plaintiffs' Second Stated Exception to Mootness (a Controversy "Capable
9             of Repetition, Yet Evading Review") Also Does Not Apply Here................... 6

10       D.    Neither Plaintiff Swann nor Other Potential Plaintiffs are Entitled to
             Nominal Damages............................................................................................. 7
11

12  II.   PLAINTIFFS' ARGUMENTS ATTEMPTING TO QUESTION THE COURT'S
       PRIOR ORDERS ALSO LACK MERIT .................................................................. 10

13
        A.    Law of the Case .............................................................................................. 10
14
        B.    Reconsideration Factors.................................................................................. 11
15

16  III.  CONCLUSION.......................................................................................................... 11

17

18

19

20

21

22

23

24

25

26

27

28

COUNTY DEFENDANTS' REPLY BRIEF ISO MOTION TO DISMISS FAC – Case No.: 4:20-cv-02180-JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Bernhard* v. *City of Los Angeles*
    279 F.3d 862 (9th Cir. 2002) ...........................................................................7, 8

*Board of Trustees of Glazing Health and Welfare Trust v. Chambers*
    941 F.3d 1195 (9th Cir. 2019) ............................................................................3

*City and County of San Francisco v. U.S. Citizenship & Immigration Servs.*
    408 F. Supp. 3d 1057 (N.D. Cal. 2019) ..........................................................10

*District of Columbia v. Heller*
    554 U.S. 570 (2008)...........................................................................................8

*Epona, LLC v. County of Ventura*
    2019 WL 794-0582 (C.D. Cal. 2019) ...............................................................7

*Hamamoto v. Ige*
    881 F.3d 719 (9th Cir. 2018) ............................................................................6

*Jacobson v. Massachusetts*
    197 U.S. 11 (1905).................................................................................2, 3, 4, 8

*Kona Enterprises, Inc. v. Estate of Bishop*
    229 F.3d 877 (9th Cir. 2000) ..........................................................................11

*Marshall v. United States*
    414 U.S. 417 (1974)...........................................................................................4

*Protectmarriage.com-Yes on 8 v. Bowen*
    752 F.3d 827 (9th Cir. 2014) ............................................................................6

*South Bay United Pentecostal, et al. v. Newsom*
    __ U.S. __, 140 S.Ct. 1613 (May 29, 2020) .................................................1, 4

*Stormans, Inc. v. Selecky*
    586 F.3d 1109 (9th Cir. 2009)...........................................................................9

*Thomas v. Bible*
    983 F.2d 152 (9th Cir. 1993) .....................................................................10, 11

*United States v. Alexander*
    106 F.3d 874 (9th Cir. 1997) ..........................................................................10

**Rules**

Civil Local Rule 7-9(b)(1)-(3) ........................................................................................11

Civil Local Rule 7-9(c) ...................................................................................................11

Defendants County of Alameda, Gregory J. Ahern and Erica Pan[1] respectfully submit this Reply Brief to Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC").

## I.   PLAINTIFFS' LAWSUIT AGAINST THE COUNTY OF ALAMEDA DEFENDANTS IS MOOT

The current novel coronavirus pandemic has required Public Health officials throughout the world to take prompt action to protect the health and safety of persons within their jurisdictions. The virus (SARS CoV-2) is extremely easy to retransmit, can be transmitted by infected people who show no symptoms, currently has no cure, and the population has not developed herd immunity. E. Pan Decl. at 2-3, ECF No. 46-6; G. Rutherford Decl. at 2, ECF No. 46-7; See also *South Bay United Pentecostal, et al. v. Newsom*, __ U.S. __, 140 S.Ct. 1613, 1613 (May 29, 2020) ("[a]t this time, there is no known cure [for the virus], no effective treatment, and no vaccine. Because people may be infected but asymptomatic, they may unwittingly infect others." (Roberts, C.J., conc. op.)). Plaintiffs confirm that, as of July 14, the disease caused by this virus (COVID-19) has **killed over 7,000 persons in California alone.** Pls.' Opp'n at 9:10-11, ECF No. 69.

As this Court previously determined, when denying Plaintiffs' application for a preliminary injunction:

> In response to this extraordinary challenge, both the State of California and individual Counties have issued what are known as "shelter in place orders." Such orders typically required nonessential businesses to close; limit individuals' ability to travel; and require individuals to avoid behaviors that make transmission of the virus more likely. The purpose of such orders is "to slow virus transmission as much as possible, to protect the most vulnerable, and to *prevent* the healthcare system from being overwhelmed." ECF No. 46-6 ¶ 10. Those orders are formulated based on guidance from the Centers for Disease Control and Prevention, the California Department of Public Health, and other public health officials throughout the United States and around the world. See id.; ECF No. 46-7 ¶ 6 ("right now, shelter at home orders are being used worldwide to minimize potential for people infected with the novel coronavirus to spread it."), id. ¶ 10 ("effective containment of the virus requires limiting people's contact with each other because of the way that the virus is

---

[1] The current Interim County Health Officer is Nicholas J. Moss, M.D., M.P.H. who succeeded Dr. Pan. Per Fed. R. Civ. P. 25(d), Dr. Moss should be automatically substituted as a party in place of Dr. Pan.

1
2

> transmitted."). Shelter in place orders have inarguably slowed the spread
> of the virus, ECF No. 46-6 ¶ ¶ 17, 20, resulting in the saving of
> innumerable lives.

3  Ct. Order at 3:3-15, June 2, 2020, ECF No. 61.

4  In addition, and specifically to Plaintiffs' Second Amendment claim, this Court also

5  determined that the County Health Officer's May 18, 2020 Order (Def. Supp. Req. for Judicial Notice,

6  Ex. B at 1-17, Appendix C-1, ECF No. 50) met Second Amendment constitutional requirements under

7  both the *Jacobson* standard [2] and the Ninth Circuit's Second Amendment framework. See discussion

8  Ct. Order at 14:5-20:24, June 2, 2020, ECF No. 61 (addressing the *Jacobson* standard); and Ct. Order

9  at 20:26-30:23, June 2, 2020, ECF No. 61  (addressing the Ninth Circuit Second Amendment

10  standard).

11  The only difference now is that, following this Court's June 2, 2020 Order (Ct. Order, June 2,

12  2020, ECF No. 61 ) and the Court's subsequent June 18, 2020 Order dismissing the Counties of Santa

13  Clara, San Mateo and Contra Costa and related parties (Ct. Order, June 18, 2020, ECF No. 65), the

14  County Health Officer issued her June 18, 2020 Order explicitly permitting firearms and ammunition

15  retail sales and purchases within the County of Alameda. Request for Judicial Notice, Exhibit H, ECF

16  No. 68-2.

17  In the Opposition, Plaintiffs acknowledge that the Health Officer's June 18, 2020 Order does

18  so. Pls.' Opp'n at 6:26-28, ECF No. 69. In Alameda County, Plaintiff Swann[3] may purchase firearms

19  and pursue proficiency and neither of those facts are disputed by Plaintiffs.

20  Nevertheless, Plaintiffs argue in their Opposition that their lawsuit against the County of

21  Alameda Defendants is not mooted because:

22  1.     The County Health Officer's June 18, 2020 Order does not "completely and irrevocably

23  eradicate the effects of the alleged violation" and there is a reasonable expectation that the County

24  Health Officer is likely to enact the same or substantially similar legislation in the future (Pls.' Opp'n

25  at 4:22-5:21, ECF No. 69);

26

---

27  [2] *Jacobson v. Massachusetts*, 197 U.S. 11 (1905).

28  [3] Based on the allegations in the FAC, Plaintiff Swann is the only plaintiff establishing standing to challenge the County of Alameda's Public Health Orders. See Ct. Order at 18:20-19:1, June 2, 2020, ECF No. 61.

1     2.      The constitutional challenge is "capable of repetition, yet evading review" (Pls.' Opp'n

2  at 5:22-6:4, ECF No. 69); and,

3     3.      Plaintiff Swann seeks nominal damages based on injury already inflicted during the

4  enforcement of the challenged action. Pls.' Opp'n at 6:5-23, ECF No. 69.

5     Defendants submit that none of those arguments have merit and do not overcome the

6  presumption that this lawsuit against the County Defendants is mooted by the County Health Officer's

7  June 18, 2020 Order (Request for Judicial Notice, Exhibit H at 1-17, ECF No. 68-2).

8     **A.**      **The June 18, 2020 Public Health Order Creates a Presumption of Mootness**

9     The June 18, 2020 Order permits firearms and ammunition retail sales and clearly allows

10  Plaintiff Swann to purchase firearms and ammunition in the County.  As such, the Order is presumed

11  to render this lawsuit moot, absent a reasonable expectation of reenactment of the challenged provision

12  or one similar to it. See *Board of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d

13  1195, 1197 (9th Cir. 2019).

14     Plaintiffs argue that this presumption is limited to "a legislative act" and should not be

15  extended to Public Health Orders that were issued here. Pls.' Opp'n at 5:9-21, 6:25-8:10, ECF No. 69.

16  Previously, Plaintiffs had raised a similar argument in connection with the unsuccessful pursuit of a

17  preliminary injunction (Pls.' Reply ISO Prelim. Injun. at 4:9-5:21, ECF No. 48) and it was rejected by

18  the Court. Ct. Order at 13:2-26, June 2, 2020, ECF No. 61 (citing *Jacobson,* 197 U.S. at 25, 27).  For

19  the same reasons, Plaintiffs' current, similar argument should be rejected now.

20     In *Jacobson* the Supreme Court considered the interplay of state and local power in setting a

21  deferential review standard.  *Jacobson,* 197 U.S. at 25 ("… the state may invest local bodies called

22  into existence for purpose of the local administration with authority and some appropriate way to

23  safeguard  the public health and the public safety"). The *Jacobson* Court further held that "surely it

24  was appropriate for the legislature to refer" the question of when to impose vaccination "to a board of

25  health composed of persons residing in the locality affected, and appointed, presumably, because of

26  their fitness to determine such questions*." Id.* at 27.

27     As to the County Health Officer's earlier May 18, 2020 Order, this Court previously

28  determined that we find ourselves in much the same situation as that confronted by the Court in

*Jacobson.* Ct. Order at 13:19, June 2, 2020, ECF No. 61. The Public Health Orders in this case were imposed by the Alameda County Health Officer pursuant to authority granted by the California Health and Safety Code. Ct. Order at 13:19-26, June 2, 2020, ECF No. 61. This Court determined that the rationale for a deferential review standard addressed in *Jacobson* applies with equal force here. *Id.*

Moreover, recently, the Supreme Court rejected a church's application for injunctive relief against the California Governor's Executive Order aimed at limiting the spread of COVID-19. *South Bay United Pentecostal v. Newsom*, __ U.S. __, 140 S.Ct. 1613. In a concurring opinion, Chief Justice Roberts reaffirmed the broad latitude extended to State officials' public health Orders aimed at limiting the spread of COVID-19:

> The precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement. Our Constitution principally entrusts the safety and the health of the people to politically accountable officials of the states to guard and protect. When those officials undertake to act in areas fraught with medical and scientific uncertainties, their latitude must be especially broad.

*South Bay United Pentecostal v. Newsom*, __ U.S. __, 140 S.Ct. 1613 (Roberts, C.J. conc. op.) (quoting from *Jacobson,* 197 U.S. at 38 and *Marshall v. United States*, 414 U.S. 417, 427 (1974) (internal citations and quotation marks omitted).

The above rationale applies equally here where public health Orders were issued pursuant to State statute by local officials entrusted, and authorized by state law, to protect the safety and health of the people. In that capacity, the Public Health Orders were issued by the County Health Officer, Dr. Pan, based on objective COVID-19 Indicators which in turn are based on available scientific and medical data. Therefore, the rationale for extending latitude to legislation and to Executive Orders should apply equally in these circumstances to the County Health Officer Orders.

**B.    There is No Reasonable Expectation that the County or the County Public Health Officer Will Reenact Previous Orders or "Revert Back" to Those Orders for Firearm/Ammunition Retailers or Shooting Ranges**

Plaintiffs next argue that there is a "reasonable expectation" of Public Health Orders in the future infringing on Plaintiff Swann's right to purchase firearms and ammunition and address proficiency. Plaintiffs assert that there has been a recent spike in new COVID-19 cases and deaths

which "spurred the County to reverse its previous trend of relaxing public health restrictions and revert back toward more stringent limitations." Pls.' Opp'n at 8:23-28, ECF No. 69. To make this assertion, Plaintiffs cite to a June 29, 2020 Statement from the County of Alameda Health Care Services Agency. Pls.' Opp'n at 8:25-9:1, ECF No. 69.

This assertion mischaracterizes the June 29, 2020 Statement and the County's reopening "pause." A reading of the complete June 29, 2020 Press Release shows that there has been no "reversion" by County Health officials. Instead, County Health officials stated at the time:

> The County is "temporarily pausing [its] reopening plans. **This means extending the timeline <u>for the next phase of reopening</u> in Alameda County** and pulling back our request for the Board of Supervisors to support a Variance Attestation on June 30th."

See the June 29, 2020 Statement from the Alameda County Health Care Services Agency at http://acphd.org/media/589530/statement-from-achcsa-alco-hits-pause-on-reopening.pdf; a courtesy copy of the June 29, 2020 Statement is attached as **Exhibit K** to MacKay Reply Declaration. (Emphasis added).

This June 29, 2020 Statement, when read entirely and in context, confirms that there has been no "reversion back toward more stringent limitations." There is no suggestion in the June 29, 2020 Statement, and certainly no evidence proffered by Plaintiffs in the Opposition, that the County Health Officer will "revert" to or re-issue the type of Public Health Orders issued earlier beginning in March 2020, a time when knowledge about the virus, particularly how and under what circumstances the virus is transmitted, was considerably less than what is known now by public health officials. See Request for Judicial Notice, Exhibit H at 5, ECF No. 68-2 ("the Health Officer will continually review whether modifications to the [June 18, 2020 Revised] Order are warranted based on (1) progress on the COVID-19 Indicators; (2) developments in epidemiological and diagnostic methods for tracing, diagnosing, treating, or testing for COVID-19; and (3) scientific understanding of the transmission dynamics and clinical impact of COVID-19"). Moreover, the venues identified in Plaintiffs' Opposition involve **restaurants, wineries, movie theaters and bars.** Pls.' Opp'n at 9:8, 9:18, ECF No. 69. Those types of venues do not involve, and are not even remotely related to, the firearms or ammunition retail or proficiency venues Plaintiffs are concerned about in this lawsuit.

When viewed in their entirety and in context, the Statement cited by Plaintiffs and subsequent similar County Public Health Statements, establish that County public health officials have pursued all available avenues to promote reopening of County businesses and activities and the County has done so, on a neutral basis, when supported by objective COVID-19 Indicators and medical and scientific data. See **Exhibits L** and **M** to the MacKay Reply Declaration, confirming that, as of July 15, 2020, **outdoor dining** in the County may resume and the Oakland Zoo may open (both, of course, with appropriate safety measures in place, face coverings, etc.) following State approval of Alameda County's attestation for a variance.

Finally, the most recent Health Officer Order continues to permit firearms and ammunition retail sales and purchases within the County. See also July 19, 2020 Health Officer Order No. 20-14b, a copy of which is attached to the MacKay Reply Declaration as **Exhibit N.**

Therefore, there is nothing in the FAC and Plaintiffs have presented no evidence in the Opposition that would support a reasonable expectation that the County Health Officer intends to prohibit firearm or ammunition retail or to close venues where Plaintiff Swann might pursue proficiency.

### C.    Plaintiffs' Second Stated Exception to Mootness (a Controversy "Capable of Repetition, Yet Evading Review") Also Does Not Apply Here

Mootness may not deprive a Court of jurisdiction if the controversy is "capable of repetition, yet evading review." *Hamamoto v. Ige,* 881 F.3d 719, 722 (9th Cir. 2018).  However, this exception applies only where: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again*." Id.*  In addition, because mootness concerns whether courts have power to hear a case, the "capable of repetition, yet evading review" exception must be applied sparingly, and only in "exceptional situations."  *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836-37 (9th Cir. 2014).  The exception applies only "where the type of injury involved inherently precludes judicial review, not … where review is precluded as a practical matter."  *Id.* at 837.

Nothing in Plaintiffs' FAC or Opposition establishes their alleged injury is of the type which inherently precludes review.  Here, even if the first prong (short duration) could arguably be met

1   because the prior health Orders that sparked Plaintiffs' lawsuit remained for only a few months,  the

2   reasonable expectation prong is not met.  For reasons discussed above, there is no reasonable

3   expectation that Defendants will reimpose the types of restrictions earlier imposed when knowledge

4   about the virus, particularly how and under what circumstances the virus is transmitted, was

5   considerably less than what is known now by public health officials.

6          **D.    Neither Plaintiff Swann nor Other Potential Plaintiffs are Entitled to Nominal**
              **Damages**

7

8          Finally, as a third exception to the mootness argument, Plaintiffs argue they have "properly

9   pled for nominal damages, FAC at p. 29, in seeking to address the constitutional injuries already

10  inflicted, something Defendants cannot avoid by simply claiming 'mootness'." Pls.' Opp'n at 11:1-3,

11  ECF No. 69.

12         However, each of the cases relied upon by Plaintiffs are clearly distinguishable. In those cases,

13  the courts had either already determined that there had been a prior constitutional violation by

14  defendant, or the issue of a constitutional violation had yet to be determined.

15         For example, as to the former category,  Plaintiffs cite *Epona, LLC v. County of Ventura,* 2019

16  WL 794-0582 (C.D. Cal. 2019) ("*Epona*"). In that case, the court had determined that a prior

17  Conditional Use Permit ("CUP") scheme that the County had implemented was facially

18  unconstitutional because it gave unbridled discretion in decision-makers. *Epona*, 2019 WL 794-0582

19  at *3-*4. Based on that determination, the court granted plaintiffs' Motion for Summary Judgment

20  stating, "when a constitutional violation occurs, even if 'actual, provable injury' has not occurred, the

21  plaintiff may still recover nominal damages." *Epona,* 2019 WL 794-0582 at *5.

22         As to the latter category, see *Bernhard* v. *City of Los Angeles*, 279 F.3d 862 (9th Cir. 2002)

23  overturning the district court's *sua sponte* dismissal of plaintiff's lawsuit for lack of standing. *Berhard*,

24  279 F.3d at 873.  Plaintiff brought a § 1983 action alleging that the County had a policy of settling

25  civil rights actions only on a lump sum basis that prevented her from obtaining a civil rights attorney

26  in her underlying excessive force case. *Bernhard,* 279 F.3d at 866-867. The Ninth Circuit, accepting

27  her allegations from the face of the complaint, concluded she had *pleaded* all necessary allegations to

28

1   establish a §1983 action including standing to pursue her claim for possible nominal damages.

2   *Bernhard,* 279 F.3d at 872-873.

3          Neither of these categories exists in this case.  Here, this Court reached an initial determination

4   on the constitutionality of the County Health Officer's May 18, 2020 and prior Orders. In its June 2,

5   2020 Order (Ct. Order, June 2, 2020, ECF No. 61), this Court specifically determined that the

6   County's May 18, 2020 Health Officer Order passed constitutional muster meeting both the *Jacobson*

7   standard and the Ninth Circuit's post-*Heller* [4] Second Amendment framework. Ct. Order at 14:5-

8   20:24, June 2, 2020, ECF No. 61 (addressing the County's Order under the *Jacobson* standard); Ct.

9   Order at 20:26-30:23, June 2, 2020, ECF No. 61 (addressing Order under the Ninth Circuit Second

10  Amendment framework).  Under the *Jacobson* standard, the Court easily found that the Order bears a

11  substantial relationship to the legitimate public health goal of reducing COVID-19 transmission and

12  preserving healthcare resources. Ct. Order at 15:19-27, June 2, 2020, ECF No. 61.

13         In addition – and unlike the cases relied on by Plaintiffs – the Court further determined that:

14  while the Order banned most residents of Alameda County from purchasing handguns, the ban was

15  only for the limited duration of the Order; that the Health Officer was required to continually review

16  whether modifications to the Order are warranted, based on progress on certain enumerated, empirical

17  COVID-19 indicators; and, consequently, the short term restriction falls short of the permanent ban in

18  *Heller*. Ct. Order at 19:5-19, June 2, 2020, ECF No. 61. That reasoning led this Court to conclude that

19  the Order, which is facially neutral, did not affect a "plain, palpable invasion" of Plaintiffs' Second

20  Amendment rights. Ct. Order at 19:20-21, June 2, 2020, ECF No. 61.

21         Next, addressing the Ninth Circuit's post-*Heller* Second Amendment framework, the Court

22  determined that intermediate scrutiny should apply. Ct. Order at 21:19-25-8, June 2, 2020, ECF No.

23  61. Applying intermediate scrutiny, the Court found that Defendants have a legitimate interest in the

24  stated objective of the Health Orders (slowing the spread of COVID-19), a fact that had been conceded

25  by Plaintiffs earlier (Pls.' MPA ISO TRO, ECF No. 20-1;  at ECF 6-7, 30). Ct. Order at 25:19-28, June

26  2, 2020, ECF No. 61.

27

28  _____
    [4] *District of Columbia v. Heller*, 554 U.S. 570 (2008).

1

Evaluating the evidence submitted by County of Alameda Defendants, the Court found that

2

Defendants had offered a convincing reason for exempting Essential Businesses enumerated in the

3

County Orders (Ct. Order at 29:27-30:6, June 2, 2020, ECF No. 61 (citing G. Rutherford Decl. at ¶ 11,

4

ECF No. 46-7)) and evidence that convinced the Court that each exception to the Order increases the

5

risk of community transmission, and that excluding those retailers in fact directly and materially

6

advanced the County's interest in controlling the spread of COVID-19. Ct. Order at 30:16-19, June 2,

7

2020, ECF No. 61 (citing G. Rutherford Decl. at ¶ 11, ECF No. 46-7).

8

Therefore, the Court concluded that Defendants demonstrated a reasonable fit between the

9

burden of the Order on Plaintiffs' Second Amendment rights and Defendants' goal of reducing

10

COVID-19 transmission (Ct. Order at 27:28, June 2, 2020, ECF No. 61), and therefore that the Order

11

survives intermediate Second Amendment scrutiny. Ct. Order at 30:22, June 2, 2020, ECF No. 61.

12

Next, this Court addressed Plaintiffs' Due Process claim and argument that the Order is

13

unconstitutionally vague. Ct. Order at 31:1-32:4, June 2, 2020, ECF No. 61. The Court determined that

14

the County Health Officer's May 18, 2020 Order "mandates that 'individuals may leave their

15

residence only for' certain enumerated activities" (Ct. Order at 31:18-19, June 2, 2020, ECF No. 61)

16

and "that all non-exempted businesses 'are required to cease all activities at facilities located in the

17

County except for Minimal Basic Operations' which the Order defined in depth." Ct. Order at 31:19-

18

21, June 2, 2020, ECF No. 61.  The Court further observed that Plaintiffs provided no explanation (and

19

none is offered in the Opposition) as to how the Order invites arbitrary enforcement, much less

20

evidence supporting Plaintiffs' allegation that the Defendants have arbitrarily enforced the Order. Ct.

21

Order at 31:23-32:1, June 2, 2020, ECF No. 61.

22

The Court then analyzed other factors, including the public interest. The Court determined that,

23

"[g]iven Defendants' showing that any loosening of the shelter in place Order would increase the risk

24

of transmission of COVID-19 – not just for those who visit particular retailers, but for everyone in the

25

community – the court concludes that this case presents a situation in which 'otherwise avoidable

26

human suffering' would result from the issuance of the requested injunction." Ct. Order at 33:20-34:3,

27

June 2, 2020, ECF No. 61 (citing *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009), and

28

*City and County of San Francisco v. U.S. Citizenship & Immigration Servs.*, 408 F. Supp. 3d 1057, 1127 (N.D. Cal. 2019)).

Consequently, based on this Court's June 2, 2020 Order (Ct. Order, June 2, 2020, ECF No. 61), that Plaintiff Swann has pleaded a claim for "nominal" damages in the FAC makes no difference because this Court has previously determined that there has not been a constitutional violation. As mentioned above, the only difference now is that, **one day** after the Court dismissed the other Counties and related parties from this lawsuit as a result of their revised health officer orders (Ct. Order at 1, June 18, 2020, ECF No. 65), the County of Alameda's revised Order took effect, which explicitly permits all indoor retail within the County of Alameda, including firearms and ammunition retail sales and purchases within the County, as was the case with the other now-dismissed Counties.

Therefore, Plaintiffs' third stated exception to Defendants' mootness argument does not apply here.

## II.   PLAINTIFFS' ARGUMENTS ATTEMPTING TO QUESTION THE COURT'S PRIOR ORDERS ALSO LACK MERIT

Finally, in the Opposition, Plaintiffs argue that the Court was "in error" in issuing its prior Order (either the Court's June 2, 2020 Order (Ct. Order, June 2, 2020, ECF No. 61) or June 18, 2020 Order (Ct. Order, June 18, 2020, ECF No. 65) or both) which dismissed the other County Defendants and related parties. Plaintiffs argue that the Court should pursue a different course or should reconsider those Orders in almost every aspect. Pls.' Opp'n at 11:14-15, 14:12-23:6, ECF No. 69. But Plaintiffs have neither asked this Court to reconsider the prior Orders nor pursued review by the Ninth Circuit. But even if they had, Plaintiffs have not provided any argument or evidence that would support reconsideration of those Orders under the factors considered under the "law of the case" doctrine or which courts in this District would apply to a request seeking reconsideration of prior Orders.

### A.   Law of the Case

"Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court.'" *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

1    A court has some discretion in applying this doctrine, but should only reopen a previously

2  resolved question if: (1) the first decision was clearly erroneous; (2) an intervening change in the law

3  has occurred; (3) evidence on remand is substantially different; (4) other changed circumstances exist;

4  or (5) a manifest injustice would otherwise result. *Thomas,* 983 F.2d at 155.

5    Here, Plaintiffs have provided no evidence or case law or other authority suggesting that this

6  Court's prior Orders were clearly erroneous. Plaintiffs also do not provide any evidence of an

7  intervening change in the law, evidence substantially different from presented earlier, or other changed

8  circumstances. Nor do Plaintiffs argue that a manifest injustice would otherwise result.

9         **B.    Reconsideration Factors**

10    A party seeking reconsideration must exercise reasonable diligence in making such a request

11  and show either: (1) a material difference in fact or law exists that was, in the exercise of reasonable

12  diligence, not known at the time of the Court's prior Order; (2) new material facts have emerged or

13  relevant law has changed after the Court issued its order; or (3) the Court exhibited a "manifest

14  failure" to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b)(1)-(3).  Civil Local

15  Rule 7-9 also prohibits repetition of arguments already presented to the Court. Civ. L.R. 7-9(c).

16    Finally, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of

17  finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d

18  877, 890 (9th Cir. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly

19  unusual circumstances, unless the district court is presented with newly discovered evidence,

20  committed clear error, or if there is an intervening change in the controlling law." *Id.*

21    Here, in the Opposition, Plaintiffs have not provided any facts or law establishing any of the

22  factors in Civil Local Rule 7-9. Moreover, Plaintiffs have not provided any explanation as to why they

23  did not present the argument or authority cited in the Opposition to the Court in connection with their

24  prior application for preliminary injunction.

25  **III.    CONCLUSION**

26    Based on the foregoing, Defendants respectfully ask this Court to grant their Motion to

27  Dismiss.

28

DATED: July 22, 2020

DONNA R. ZIEGLER,
Office of the County Counsel for the
County of Alameda, State of California

By ___/s/ *Raymond L. Mackay*___
RAYMOND L. MACKAY
Senior Deputy County Counsel

*Attorneys for Defendants County of Alameda,
Gregory J. Ahern and Erica Pan*