UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE ALTMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 20-cv-02180-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 68 |

Before the Court is Defendants' motion to dismiss. ECF No. 68. The Court will grant the motion in part and deny it in part.

## I.     BACKGROUND

This case arises from various shelter-in-place orders, which originally required all "non-essential" businesses to close, issued by four Bay Area counties in response to the COVID-19 pandemic. The Court summarized the factual and procedural background more fully in its June 2, 2020 order denying a preliminary injunction. *See* ECF No. 61 at 2-6. Plaintiffs, who include individuals, firearms retailers, and Second Amendment rights-focused nonprofits, challenge the shelter-in-place orders on Second Amendment and due process grounds. First Amended Complaint ("FAC"), ECF No. 19. They allege that because the orders do not exempt firearms or ammunition retailers or shooting ranges as essential businesses, Plaintiffs are prohibited from exercising "their fundamental rights to keep and bear arms." *Id.* ¶¶ 5, 10.

As of June 2, 2020, when the Court issued its preliminary injunction order, three of the original Defendant Counties had permitted or would soon permit the resumption of all in-store retail sales, subject to certain social distancing requirements. ECF No. 61 at 7. The Court held that, "[b]ecause Plaintiffs in San Mateo, Santa Clara, and Contra Costa Counties are now clearly

able to purchase firearms and ammunition (or will be once the Orders go into effect)," the case was moot as to those Defendants, whom it dismissed.[1] *Id.* at 8; *see also* ECF No. 65. Because Defendant Alameda County still prohibited non-essential in-store retail sales, however, the Court held that a live controversy existed as to whether Alameda County's shelter-in-place restrictions infringed on Plaintiffs' Second Amendment and due process rights. ECF No. 61 at 10. The Court denied Plaintiffs' request for a preliminary injunction, however, holding that they had not shown a likelihood of success on the merits of their Second Amendment or due process claims or that the public interest and balance of equities weighed in their favor. *Id.* at 30, 32, 34.

On July 1, 2020, the Alameda County Defendants moved to dismiss the FAC. ECF No. 68. They argue that "on June 18, 2020, the County Public Health Officer issued a revised Public Health Order further opening retail business within the County, rendering moot the case against these Defendants." *Id.* at 2; *see also* ECF No. 68-2 at 112-57 ("June 18 Order"). In their reply brief, Defendants note that on July 19, 2020, the Health Officer updated the June 18 Order, continuing "to permit firearms and ammunition retail sales and purchases within the County." ECF No. 70 at 10; *see also* ECF No. 70-1 at 10-56 ("July 19 Order").[2] Alternatively, Defendants argue that Plaintiffs have failed to state a plausible due process claim. ECF No. 68 at 2.

Plaintiffs filed an opposition, ECF No. 69, and Defendants replied, ECF No. 70. The Court took the motion under submission without a hearing. *See* Civ. L.R. 7-1(b).

## II.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court. *See* Fed R. Civ. P. 12(b)(1). Because subject matter jurisdiction is a threshold issue which goes to

---

[1] There the Court did not engage in the mootness analysis that is set forth in this order.

[2] The Court grants Defendants' unopposed requests for judicial notice of both the June 18 and July 19 Orders, as they are public records. *See* ECF No. 68-2 ¶ 8; ECF No. 70-2 ¶ 4; Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). For the purpose of this motion, the Court considers the July 19 Order, which is currently in force.

the power of the court to hear the case, a 12(b)(1) motion must be decided before other motions. 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1350 (3d ed.).

Federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Article III of the Constitution "limits the jurisdiction of the federal courts to Cases and Controversies," a plaintiff seeking to invoke federal jurisdiction "must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation marks omitted). If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Moreover, "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* (internal quotation marks omitted).

**B.     Rule 12(b)(6)**

A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. DISCUSSION

### A. Mootness

Defendants argue that the June 18 and July 19 Orders "unequivocally permit[] on-site, indoor retail and thus clearly permit[] Plaintiff [Albert Lee] Swann[, an Alameda County resident,] and others similarly situated to purchase firearms within the County." ECF No. 68 at 8. Defendants additionally argue that "since April 29, 2020, the Health Officer Orders have permitted access to outdoor facilities important to health and safety or for recreation," allowing Alameda County residents "to meet proficiency needs." *Id.*  Plaintiffs do not dispute that firearms and ammunition retailers as well as outdoor shooting ranges are now permitted to operate in Alameda County, allowing the County's residents to exercise their right to keep, bear, and maintain proficiency in firearms. ECF No. 69 at 12. Rather, they argue that an exception to the mootness doctrine should apply to their claims for prospective relief and that the Court retains jurisdiction over their claims for nominal damages. *Id.*

The doctrine of mootness requires a court to dismiss a case "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).  "The party alleging mootness bears a 'heavy burden' in seeking dismissal." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).  A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)).  "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (quoting *Knox*, 567 U.S. at 307-08).

Two recognized exceptions to the mootness doctrine are at issue here. First, "voluntary cessation of a challenged practice does not moot a case unless 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017) (alteration

4

in original) (quoting *Friends of the Earth*, 528 U.S. at 189).  Second, a case is not moot where the dispute is "capable of repetition, yet evading review."  *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (citation omitted).  The latter exception applies "if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again."  *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018) (quoting *Turner v. Rogers*, 564 U.S. 431, 440 (2011)).

### 1. **Nominal Damages**

The Court first notes that the case is not moot overall because Plaintiffs have requested nominal damages.  *See* FAC at 36.  In the Ninth Circuit, "[a] live claim for nominal damages will prevent dismissal for mootness."  *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002).  Defendants attempt to distinguish *Bernhardt* by noting that the plaintiff in that case had adequately pleaded standing (the basis for the district court's dismissal, which the Ninth Circuit panel reversed), whereas the Court in this case has already "reached an initial determination on the constitutionality of the County Health Officer's May 18, 2020 and prior Orders."  ECF No. 70 at 11-13.  The Court's "initial determination," however, was only as to Plaintiffs' *likelihood* of success, and the Court has not yet ruled on the merits of their claims.  *See Taylor ex rel. Taylor v. Honig*, 910 F.2d 627, 628 (9th Cir. 1990) (describing "purpose of preliminary injunction" as "to preserve status quo ante litem *pending determination on the merits*") (emphasis added).  Accordingly, Plaintiffs' nominal damages claims are live and the Court denies Defendants' request to dismiss the complaint as moot.[3]

### 2. **Prospective Relief**

In addition to nominal damages, Plaintiffs seek declaratory relief and a "permanent injunction restraining Defendants . . . from enforcing Defendants' Orders . . . ."  FAC at 35-36.

---

[3] Plaintiffs argue that the Court's dismissal of the Santa Clara, San Mateo, and Contra Costa County Defendants was in error because Plaintiffs also sought nominal damages as to these defendants.  ECF No. 69 at 17.  However, Plaintiffs did not make a nominal damages argument in the supplemental briefing the Court ordered on the mootness question during the preliminary injunction proceedings.  *See* ECF No. 54, 57.  They have thus waived this argument.

1   While Plaintiffs concede that Alameda County's current Order "no longer prohibit[s] in-store firearms and ammunition retail sales within the county," they argue that their claims for declaratory and injunctive relief remain live given the likelihood that the County will reimpose its prior restrictions. *See* ECF No. 69 at 12, 14.

The Ninth Circuit has held that "the repeal, amendment, or expiration of legislation . . . creates a presumption that [an action challenging that legislation] is moot, unless there is a reasonable expectation that the legislative body is likely to enact the same or substantially similar legislation in the future." *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1197 (9th Cir. 2019) (en banc). While the burden to establish mootness normally "lies with the party asserting mootness," *Friends of the Earth*, 528 U.S. at 189, *Chambers* inverts the burden where the mootness question is sparked by a change in legislation. In that case, the burden is on "[t]he party challenging the presumption of mootness" to show "that there is a reasonable expectation of reenactment." *Chambers*, 941 F.3d at 1197. Such an expectation "must be founded in the record, . . . rather than on speculation alone." *Id.* This is because "legislative bod[ies]," unlike private parties, are entitled to a presumption that they are "acting in good faith in repealing or amending a challenged legislative provision, or in allowing it to expire." *Id.* at 1199.

The parties dispute whether executive action such as the public health orders at issue in this case is entitled to the same presumption of mootness as legislative action. Neither Plaintiffs nor Defendants cite any authority for their positions,[4] but the law on the point is settled: changes in executive policy are not entitled to the same deference as legislative changes. As the Ninth Circuit has explained:

> A statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed. By contrast, repeal or amendment of an ordinance by a local government or agency does not necessarily deprive a federal court of its power to determine the legality of the practice at issue, though it may do so in certain circumstances. Particularly relevant to this case, a policy change not reflected in statutory changes or even in

---

[4] Following argument, Plaintiffs submitted a copy *Cnty. of Butler v. Wolf*, No. 2:20-cv-677, 2020 WL 5510690 (W.D. Pa. Sept. 14, 2020) pursuant to Civil Local Rule 7-3(d)(2). Because that case does not discuss the factors from relevant Ninth Circuit caselaw, which are set forth below, the Court has not relied on *Wolf* in its analysis.

> changes in ordinances or regulations will not necessarily render a case moot, but it may do so in certain circumstances.

*Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citations, quotations, and footnotes omitted). The *Rosebrock* Court declined to set forth a "definitive test for determining whether a voluntary cessation" "not reflected in statutory changes or even in changes in ordinances or regulations" has rendered a case moot. *Id.* at 972. But it did identify five factors indicating that mootness is "more likely":

> (1) the policy change is evidenced by language that is broad in scope and unequivocal in tone; (2) the policy change fully addresses all of the objectionable measures that the Government officials took against the plaintiffs in the case; (3) the case in question was the catalyst for the agency's adoption of the new policy; (4) the policy has been in place for a long time when we consider mootness; and (5) since the policy's implementation the agency's officials have not engaged in conduct similar to that challenged by the plaintiff.

*Id.* (quotations, citations, and alterations omitted). In addition, a court is "less inclined to find mootness where the 'new policy . . . could be easily abandoned or altered in the future.'" *Id.* (quoting *Bell v. City of Boise*, 709 F.3d 890, 901 (9th Cir. 2013)). "Ultimately, the question remains whether the party asserting mootness has met its heavy burden of proving that the challenged conduct cannot reasonably be expected to recur." *Id.*

The Ninth Circuit recently applied *Rosebrock* in *Courthouse News Serv. v. Planet*, 947 F.3d 581 (9th Cir. 2020). That court considered the Ventura County Superior Court's policy of processing paper complaints before making them available to the press. Application of the policy resulted in several days' delay before the press could review new complaints; sometimes such complaints were never made available at all. *Id.* at 586-87. Mid-litigation, the Superior Court moved to a system in which it would scan complaints pre-processing and immediately provide copies to the press, thereby eliminating any objectionable delay. Relying on *Rosebrock*, the court held that this policy change did not moot the case. *See id.* at 598 n.10. The court found that, because "nothing other than the injunction in this litigation prevents Ventura County from returning to its pre-2014 policy," the Superior Court "has likely not met 'the heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again.'" *Id.* (quoting *Rosebrock*, 745 F.3d at 971).

7

Similarly, in *Index Newspapers LLC v. City of Portland*, plaintiffs brought a challenge to the tactics employed by federal law enforcement officers who were operating in the vicinity of the Portland federal courthouse. The federal officers voluntarily changed their tactics, but the court held the case was not moot. No. 3:20-cv-1035-SI, 2020 WL 4883017, at *14 (D. Or. Aug. 20, 2020). This determination was based on the court's observation that the tactical change was "not part of any clear or codified procedures" and "could easily be abandoned or altered in the future." *Id.* at *15. The court also considered defendants' express intent to abandon their current posture if certain circumstances changed. *Id.*

Finally, on facts similar to those here, the court in *Brandy v. Villanueva* declined to find moot a challenge by firearms retailers to a Los Angeles County COVID order. No. CV 20-02874-AB (SKX), 2020 WL 3628709 (C.D. Cal. Apr. 6, 2020). On March 19, 2020, the County Department of Public Health had closed all non-essential retail businesses, including all indoor malls and indoor shopping centers, and did not designate firearms retailers as "essential." *Id.* at *1. Eleven days later, however, on March 30, 2020, the Los Angeles County Sheriff publicly announced that the Sheriff's Department would treat businesses that sold or repaired firearms, or sold ammunition, as "essential businesses" under the County Order, allowing them to continue operations. *Id.* The *Brandy* Court nonetheless held that plaintiffs' challenge to the order was not moot because the Sheriff "[did] not know . . . how in the future the COVID-19 crisis is going to impact the County'" and "Sheriff Villanueva's shift in policy could easily be abandoned or altered in the future." *Id.* at *3.

Similarly, applying the *Rosebrock* factors here, the Court concludes that Plaintiffs' prospective relief claims are not moot. Two of the *Rosebrock* factors do favor Defendants. First, "the policy change fully addresses all of the objectionable measures that the Government officials took against the plaintiffs in the case." *See Rosebrock*, 745 F.3d at 972. Retailers, including those selling firearms and ammunition, are now open to the public even if they have not been designated essential. Second, "since the policy's implementation the agency's officials have not engaged in conduct similar to that challenged by the plaintiff." *See id.* The remaining factors, however, are either neutral or weigh in Plaintiffs' favor. First, the policy change in question was not "broad in

8

scope" or "unequivocal in tone." True, notwithstanding a recent surge in the pandemic, "California Covid Map and Case Count," N.Y. Times (https://www.nytimes.com/interactive/2020/us/california-coronavirus-cases.html) (reporting a 118% increase in cases over the last two weeks) (last visited Nov. 26, 2020), non-essential retail establishments have been permitted to remain open, albeit at reduced capacity. Blueprint for a Safer Economy: Activity and Business Tiers (https://www.cdph.ca.gov/Programs/CID/DCDC/CDPH%20Document%20Library/COVID-19/Dimmer-Framework-September_2020.pdf) (last visited Nov. 26, 2020). Combined with the other facts present here, a commitment by the County of Alameda not to return to the challenged policy might be enough to moot the case. *Cf. Mothership Fleet Coop. v. Ross*, 426 F. Supp. 3d 611, 619 (D. Alaska 2019) ("Here, the Court finds that Defendants' actions and repeated, express commitments to the new policy render the Plaintiffs' claims moot."). However, neither the State of California nor Alameda County has committed to permanently abandoning the closure of non-essential retail businesses as a means of fighting COVID-19 or evinced any intent to exempt firearms retailers from future closures.[5] Thus, this is a case "where the new policy could be easily abandoned or altered in the future." *See Rosebrock*, 745 F.3d at 971 (quotation and alteration omitted). Second, there is no evidence that this case was "the catalyst for the agency's adoption of the new policy." *See id.* at 972. Third, Alameda County's policy permitting indoor retail has been in effect for only six months. ECF No. 68-1 at 152-53. While this is longer than the period during which indoor retail was closed, the Court still cannot conclude that the newer policy "has been in place for a long time." *See Rosebrock*, 745 F.3d at 972. The Court finds this factor to be neutral.

Accordingly, the Court concludes that Defendant has not met "the heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." *Id.* at 971. The Court thus denies Defendants' request to dismiss the claims for declaratory and injunctive

---

[5] Indeed, the opposite is true. This morning the Governor announced that he was considering whether to impose new restrictions "similar to the March lockdown that prohibited Californians from leaving home for all but essential activities and exercise." "California May Need New Stay-At-Home Order to Slow Coronavirus, Newsom Says," S.F. Chronicle (https://www.sfchronicle.com/politics/article/California-may-need-new-stay-at-home-order-to-15763944.php) (last visited Nov. 30, 2020).

relief as moot.

### B. Merits

Defendants move to dismiss Plaintiffs' due process claim, but not their Second Amendment claim, under Rule 12(b)(6). *See* ECF No. 68 at 8-10. Defendants argue that the FAC fails to allege facts to support a plausible procedural or substantive due process claim. *Id.* at 9.

In its order denying a preliminary injunction, the Court held that Plaintiffs had not shown a likelihood of success on the merits of their due process claim. ECF No. 61 at 31-32. To the degree Plaintiffs intended "to invoke substantive due process to argue that the [May 18] Order arbitrarily designates certain businesses as exempt or overbroadly bars other businesses from operating under the essential business exemption," the Court held that this claim was properly considered under the Second Amendment. *Id.* at 31. The Court additionally rejected Plaintiffs' argument that the Order was unconstitutionally vague. *Id.* at 32.

Plaintiffs provide no new arguments on the merits of their due process claim, noting that "[t]he violation of the Second Amendment . . . is at the heart of the substantive due process component" of this claim. ECF No. 69 at 29. However, Plaintiffs do not reckon with the principle the Court described in its prior order: "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" ECF No. 61 at 31 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998)). Accordingly, for the reasons stated in the Court's preliminary injunction order, Plaintiffs have failed to state a plausible substantive due process claim. *See id.*

As for Plaintiffs' argument that the May 18 Order is unconstitutionally vague, the Court has already explained that "[a] criminal law is unconstitutionally vague if it 'fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'" *Id.* (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015)). The Court held that the May 18 Order "easily satisfie[d]" this standard by defining permitted and prohibited activities in detail and noted that Plaintiffs had provided "no explanation as to how the Order 'invites arbitrary enforcement,' . . . much less any evidence supporting their allegation that the

Order is in fact being arbitrarily enforced." *Id.* at 31-32 (internal citation omitted).  In their opposition to Defendants' motion to dismiss, Plaintiffs argue that the fact that the County Health Officer "defines the nature and scope of all the restrictions, chooses all the relevant decision-making factors as to what is and is not 'essential,' determines how each factor is applied, and decides when and how the restrictions will be implemented . . . 'permit[s] and encourage[s] arbitrary and erratic arrests and convictions with too much discretion committed to law enforcement.'"  ECF No. 69 at 30-31 (quoting FAC ¶ 153).  As Plaintiffs cite no authority for the proposition that an order issued by a county official pursuant to that official's statutorily delegated power is inherently arbitrary, however, this explanation does not salvage their vagueness claim.

The Court thus GRANTS Defendants' motion to dismiss Plaintiffs' due process claim, with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss Plaintiffs' due process claim, with leave to amend, but otherwise DENIES the motion to dismiss Plaintiffs' complaint.  Any amended complaint must be filed within 21 days of the date of this order.  Failure to timely file an amended complaint will result in dismissal of the due process claim with prejudice.

**IT IS SO ORDERED.**

Dated:  November 30, 2020

_____
JON S. TIGAR
United States District Judge