1  MATTHEW D. ZINN (State Bar No. 214587)
   ANDREW P. MILLER (State Bar No. 324093)
2  SHUTE, MIHALY & WEINBERGER LLP
   396 Hayes Street
3  San Francisco, California 94102
   Telephone: (415) 552-7272
4  Facsimile:   (415) 552-5816
   zinn@smwlaw.com
5  amiller@smwlaw.com

6  Attorneys for Defendants
   COUNTY OF ALAMEDA,
7  GREGORY J. AHERN,
   and NICHOLAS MOSS

8

9              UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

11

12  JANICE ALTMAN et al.,                Case No. 4:20-cv-02180

13              Plaintiffs,              **DEFENDANTS COUNTY OF
                                         ALAMEDA, GREGORY J.
14      v.                               AHERN, AND NICHOLAS
                                         MOSS'S ANSWER TO FIRST
15  COUNTY OF SANTA CLARA et al.,        AMENDED COMPLAINT**

16              Defendants.              The Hon. Jon S. Tigar

17

18

19

20

21

22

23

24

25

26

27

28

Defendants County of Alameda, Gregory J. Ahern, and Nicholas Moss[1] (collectively "County") answer the First Amended Complaint for Injunctive and Declaratory Relief ("Complaint") filed by Plaintiffs on April 10, 2020 as follows:

1. In response to Paragraph 1, that Paragraph includes only legal arguments or conclusions, which do not require a response. To the extent a response is required, the County denies the allegations in Paragraph 1.

2. In response to Paragraph 2, that Paragraph includes only legal arguments or conclusions, which do not require a response. To the extent a response is required, the County denies the allegations in Paragraph 2.

3. In response to Paragraph 3, the first sentence contains legal arguments and conclusions, which do not require a response. To the extent a response is required, the County admits that paper, pens, ink, and technology products purchased online may generally be delivered to the purchaser's doorstep but denies any remaining allegations in the first sentence. The second sentence includes only legal arguments or conclusions, which do not require a response. To the extent a response is required, the County denies the allegations in the second sentence.

4. In response to Paragraph 4, that Paragraph includes only legal arguments or conclusions, which do not require a response. To the extent a response is required, the County denies the allegations in Paragraph 4.

5. In response to Paragraph 5, that Paragraph includes only legal arguments or conclusions, which do not require a response. To the extent a response is required, the County denies the allegations in Paragraph 5.

---

[1] Plaintiffs sued Erica Pan, Health Officer for the County of Alameda, in her official capacity. Erica Pan is no longer the Health Officer for the County and has been replaced in that role by Nicholas Moss. Under Federal Rule of Civil Procedure Rule 25(d), Nicholas Moss has been automatically substituted for Erica Pan in this litigation.

6. In response to Paragraph 6, the County admits that the circumstances posed by the COVID-19 Novel Coronavirus outbreak present challenges for everyone, including government. The County admits that some law enforcement officials have released certain inmates from jails to mitigate and control the spread of COVID-19.

7. In response to Paragraph 7, that Paragraph includes only legal arguments or conclusions, which do not require a response. To the extent a response is required, the County denies the allegations in Paragraph 7.

8. In response to Paragraph 8, the first sentence includes only legal arguments or conclusions, which do not require a response. The second sentence characterizes Plaintiffs' Complaint, which speaks for itself. To the extent a response is required, the County denies the allegations in Paragraph 8.

9. In response to Paragraph 9, that Paragraph includes only legal arguments or conclusions, which do not require a response. To the extent a response is required, the County denies the allegations in Paragraph 9.

10. In response to Paragraph 10, that Paragraph includes only legal arguments or conclusions, which do not require a response. To the extent a response is required, the County denies the allegations in Paragraph 10.

## PARTIES

### *Individual Plaintiffs*

11. In response to Paragraph 11, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11, and on that basis denies them.

12. In response to Paragraph 12, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12, and on that basis denies them.

13. In response to Paragraph 13, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13, and on that basis denies them.

14.     In response to Paragraph 14, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14, and on that basis denies them.

15.     In response to Paragraph 15, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15, and on that basis denies them.

16.     In response to Paragraph 16, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16, and on that basis denies them.

17.     In response to Paragraph 17, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17, and on that basis denies them.

18.     In response to Paragraph 18, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18, and on that basis denies them.

### *Retailer Plaintiffs*

19.     In response to Paragraph 19, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19, and on that basis denies them.

20.     In response to Paragraph 20, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20, and on that basis denies them.

21.     In response to Paragraph 21, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21, and on that basis denies them.

DEFENDANTS COUNTY OF ALAMEDA, GREGORY J. AHERN, AND NICHOLAS MOSS'S ANSWER TO FIRST AMENDED COMLAINT
Case No. 4:20-cv-02180

## Institutional Plaintiffs

22.     In response to Paragraph 22, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22, and on that basis denies them.

23.     In response to Paragraph 23, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23, and on that basis denies them.

24.     In response to Paragraph 24, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24, and on that basis denies them.

25.     In response to Paragraph 25, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25, and on that basis denies them.

26.     In response to Paragraph 26, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26, and on that basis denies them.

## Santa Clara Defendants

27.     In response to Paragraph 27, the County asserts that the Court dismissed Defendant County of Santa Clara, California from this action on June 18, 2020.

28.     In response to Paragraph 28, the County asserts that the Court dismissed Defendant Laurie Smith from this action on June 18, 2020.

29.     In response to Paragraph 29, the County asserts that the Court dismissed Defendant Jeffrey Rosen from this action on June 18, 2020.

30.     In response to Paragraph 30, the County asserts that the Court dismissed Defendant Sara Cody from this action on June 18, 2020.

31.     In response to Paragraph 31, the County asserts that the Court dismissed Defendant City of San Jose, California from this action on June 18, 2020.

32.     In response to Paragraph 32, the County asserts that the Court dismissed Defendant Sam Liccardo from this action on June 18, 2020.

33.     In response to Paragraph 33, the County asserts that the Court dismissed Defendant Edgardo Garcia from this action on June 18, 2020.

34.     In response to Paragraph 34, the County asserts that the Court dismissed Defendant City of Mountain View, California from this action on June 18, 2020.

35.     In response to Paragraph 35, the County asserts that the Court dismissed Defendant Max Bosel from this action on June 18, 2020.

### *Alameda Defendants*

36.     In response to Paragraph 36, the County admits the allegations in the first sentence of that Paragraph. The County asserts that the remainder of Paragraph 36 contains only legal arguments and conclusions, which require no response.

37.     In response to Paragraph 37, the County admits the allegations in the first sentence of that Paragraph. The County asserts that the remainder of Paragraph 37 contains only legal arguments and conclusions, which require no response.

38.     In response to Paragraph 38, the County denies the allegations in the first sentence. The County asserts that Erica Pan was sworn in as the California State Epidemiologist in or about July 2020. The County further asserts that the current Health Officer for the County of Alameda is Nicholas Moss. The County asserts that the remainder of Paragraph 38 contains only legal arguments and conclusions, which require no response.

### *San Mateo Defendants*

39.     In response to Paragraph 39, the County asserts that the Court dismissed Defendant County of San Mateo, California from this action on June 18, 2020.

40.    In response to Paragraph 40, the County asserts that the Court dismissed Defendant Carlos Bolanos from this action on June 18, 2020.

41.    In response to Paragraph 41, the County asserts that the Court dismissed Defendant Scott Morrow from this action on June 18, 2020.

42.    In response to Paragraph 42, the County asserts that the Court dismissed Defendant City of Pacifica, California from this action on June 18, 2020.

43.    In response to Paragraph 43, the County asserts that the Court dismissed Defendant Dan Steidle from this action on June 18, 2020.

### *Contra Costa Defendants*

44.    In response to Paragraph 44, the County asserts that the Court dismissed Defendant County of Contra Costa, California from this action on June 18, 2020.

45.    In response to Paragraph 45, the County asserts that the Court dismissed Defendant David Livingston from this action on June 18, 2020.

46.    In response to Paragraph 46, the County asserts that the Court dismissed Defendant Chris Farnitano from this action on June 18, 2020.

47.    In response to Paragraph 47, the County asserts that the Court dismissed Defendant City of Pleasant Hill, California from this action on June 18, 2020.

48.    In response to Paragraph 48, the County asserts that the Court dismissed Defendant Max Bryan Hill from this action on June 18, 2020.

### JURISDICTION AND VENUE

49.    In response to Paragraph 49, that Paragraph includes only legal arguments or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 49.

50.    In response to Paragraph 50, that Paragraph includes only legal arguments or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 50.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

### *Constitutional Background*

51.    In response to Paragraph 51, the County denies the allegation in that Paragraph. The County further asserts the Second Amendment to the United States Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

52.    In response to Paragraph 52, that Paragraph includes only legal arguments or conclusions, which do not require a response.

53.    In response to Paragraph 53, that Paragraph includes only legal arguments or conclusions, which do not require a response.

54.    In response to Paragraph 54, that Paragraph includes only legal arguments or conclusions, which do not require a response. The County further asserts that the Fifth Amendment to the United States Constitution speaks for itself. To the extent a response is required, the County admits that the partial quotation is accurate.

55.    In response to Paragraph 55, that Paragraph includes only legal arguments or conclusions, which do not require a response. The County further asserts that the Fourteenth Amendment to the United States Constitution speaks for itself. To the extent a response is required, the County admits that the partial quotation is accurate.

56.    In response to Paragraph 56, that Paragraph includes only legal arguments or conclusions, which do not require a response.

57.    In response to Paragraph 57, that Paragraph includes only legal arguments or conclusions, which do not require a response.

58.    In response to Paragraph 58, that Paragraph includes only legal arguments or conclusions, which do not require a response.

59.    In response to Paragraph 59, that Paragraph includes only legal arguments or conclusions, which do not require a response.

60.     In response to Paragraph 60, that Paragraph includes only legal arguments or conclusions, which do not require a response.

61.     In response to Paragraph 61, that Paragraph includes only legal arguments or conclusions, which do not require a response.

62.     In response to Paragraph 62, that Paragraph includes only legal arguments or conclusions, which do not require a response.

### *Statutory Background*

63.     In response to Paragraph 63, that Paragraph includes only legal arguments or conclusions, which do not require a response. The County further asserts that California Penal Code Preliminary Provision 19.4 speaks for itself. To the extent a response is required, the County admits that the quotation is accurate.

64.     In response to Paragraph 64, that Paragraph includes only legal arguments or conclusions, which do not require a response.

65.     In response to Paragraph 65, that Paragraph includes only legal arguments or conclusions, which do not require a response.

66.     In response to Paragraph 66, that Paragraph includes only legal arguments or conclusions, which do not require a response.

67.     In response to Paragraph 67, that Paragraph includes only legal arguments or conclusions, which do not require a response. The County further asserts that Government Code section 26620 speaks for itself. To the extent a response is required, the County admits that the quotation is accurate.

68.     In response to Paragraph 68, that Paragraph includes only legal arguments or conclusions, which do not require a response. The County further asserts that Government Code section 41601 speaks for itself. To the extent a response is required, the County admits that the quotation is accurate.

69.     In response to Paragraph 69, the County denies that Government Code section 101029 exists or provides as quoted. The County asserts that the quoted

language is an accurate quotation of Health and Safety Code section 101029, which speaks for itself.

70.     In response to Paragraph 70, the County denies that Government Code section 101030 exists or provides as quoted. The County asserts that the quoted language is an accurate quotation of Health and Safety Code section 101030, which speaks for itself.

71.     In response to Paragraph 71, the County's health orders discussed in that Paragraph speak for themselves. To the extent a response is required, the County admits that the quotation is an accurate quotation of the County's March 31, 2020 Order.

72.     In response to Paragraph 72, that Paragraph includes only legal arguments or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 72.

### *State Orders and Federal CISA Guidance Background*

73.     In response to Paragraph 73, the County admits the allegations therein.

74.     In response to Paragraph 74, the County asserts that the article in footnote 1 speaks for itself. The County lacks knowledge or information regarding the Governor's statements or the accuracy of the article in footnote 1, and on that basis denies the allegations in Paragraph 74.

75.     In response to Paragraph 75, the County admits that Governor Gavin Newsom signed Executive Order N-33-20. The second clause of the first sentence contains legal arguments or conclusions, which require no response. To the extent a response is required, the County asserts Executive Order N-33-20 speaks for itself and admits that the quotation is accurate. The final sentence of Paragraph 75 contains only legal arguments or conclusions, which require no response. To the extent a response is required, the County asserts Executive Order N-33-20 speaks for itself.

DEFENDANTS COUNTY OF ALAMEDA, GREGORY J. AHERN, AND NICHOLAS MOSS'S ANSWER TO FIRST AMENDED COMLAINT
Case No. 4:20-cv-02180

76.     In response to Paragraph 76, that Paragraph includes only legal arguments or conclusions, which do not require a response. To the extent a response is required, the County asserts that Executive Order N-33-20 speaks for itself.

77.     In response to Paragraph 77, the County asserts that Director Angell's Order speaks for itself. To the extent a response is required, the County admits the quotation is accurate.

78.     In response to Paragraph 78, that Paragraph includes only legal arguments or conclusions, which do not require a response. The County further asserts that the Director Angell's Order speaks for itself. To the extent a response is required, the County admits that the partial quotations are accurate.

79.     In response to Paragraph 79, the County admits the Department of Homeland Security, Cyber-Infrastructure Division ("CISA"), issued an updated "Advisory Memorandum on Identification of Essential Critical Infrastructure Workers During COVID-19 Response." The County further asserts that this advisory memorandum was updated in or about August 2020 and was re-released on or about December 16, 2020. The second and third sentences of Paragraph 79 include only legal arguments or conclusions, which require no response. To the extent a response is required, the County asserts that the CISA advisory memorandum speaks for itself.

### *Santa Clara County Background*

80.     In response to Paragraph 80, the County admits that the Public Health Department of the County of Santa Clara issued an order. The County asserts that the County of Santa Clara's order speaks for itself.

81.     In response to Paragraph 81, the County asserts that the County of Santa Clara's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 81, and on that basis denies them.

82. In response to Paragraph 82, the County asserts that the County of Santa Clara's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 82, and on that basis denies them.

83. In response to Paragraph 83, the County admits that the Public Health Department of the County of Santa Clara issued an order. The County asserts that the County of Santa Clara's order speaks for itself.

84. In response to Paragraph 84, the County asserts that the County of Santa Clara's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 84, and on that basis denies them.

85. In response to Paragraph 85, the County asserts that the County of Santa Clara's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85, and on that basis denies them.

86. In response to Paragraph 86, the County asserts that the San Jose Mercury News article discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in first sentence of Paragraph 86, and on that basis denies them. The second sentence contains only legal arguments and conclusions, which require no response.

87. In response to Paragraph 87, the first sentence contains only legal arguments and conclusions, which require no response. To the extent a response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 87, and on that basis denies them.

88. In response to Paragraph 88, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

89.     In response to Paragraph 89, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

90.     In response to Paragraph 90, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

91.     In response to Paragraph 91, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

92.     In response to Paragraph 92, that Paragraph contains only legal arguments or conclusions, which require no response.

### *Alameda County Background*

93.     In response to Paragraph 93, the County admits that on or about March 16, 2020 the Public Health Department of the County of Alameda issued an order ("March 16 Order"). The County asserts that the March 16 Order speaks for itself.

94.     In response to Paragraph 94, that Paragraph contains only legal arguments or conclusions, which require no response. To the extent a response is required, the County asserts that the March 16 Order speaks for itself.

95.     In response to Paragraph 95, the County admits that Sheriff Ahern and all chiefs of police in the County were tasked with enforcement of the provisions in the March 16 Order.

96.     In response to Paragraph 96, the County admits that on or about March 31, 2020, the Public Health Department of the County of Alameda issued an additional order superseding the March 16 Order ("March 31 Order"). The County asserts that the March 31 Order speaks for itself.

97.     In response to Paragraph 97, that Paragraph contains only legal arguments and conclusions, which require no response. To the extent a response is

DEFENDANTS COUNTY OF ALAMEDA, GREGORY J. AHERN, AND NICHOLAS MOSS'S ANSWER TO FIRST AMENDED COMLAINT
Case No. 4:20-cv-02180

1  required, the County asserts that the March 31 Order speaks for itself. The County

2  further asserts that the March 31 Order is no longer operative.

3      98.    In response to Paragraph 98, the County asserts that the March 31

4  Order discussed therein speaks for itself. To the extent a response is required, the

5  County admits that the quotation is accurate.

6      99.    In response to Paragraph 99, the County admits that the County

7  previously enforced the March 16 Order and the March 31 Order. The County denies

8  that the County is now actively enforcing the March 31 Order, as that Order has

9  been superseded. The County asserts that the remainder of Paragraph 99 contains

10  only legal arguments and conclusions, which require no response. To the extent a

11  response is required, the County denies any remaining allegations in Paragraph 99.

12      100.    In response to Paragraph 100, the County admits that the March 16 and

13  March 31 Orders and lists of essential businesses were issued by the Public Health

14  Department. The remainder of Paragraph 100 contains only legal arguments or

15  conclusions, which require no response. To the extent additional response is

16  required, the County denies any remaining allegations in Paragraph 100.

17      101.    In response to Paragraph 101, the County lacks sufficient knowledge or

18  information to admit or deny the allegations in the first three sentences of that

19  Paragraph, and on that basis denies them. The remainder of Paragraph 101 contains

20  only legal arguments or conclusions, which require no response. To the extent further

21  response is required, the County lacks sufficient knowledge or information to admit

22  or deny the allegations in the remainder of Paragraph 101.

23      102.    In response to Paragraph 102, that Paragraph contains only legal

24  argument or conclusions, which require no response. To the extent a response is

25  required, the County denies the allegations in Paragraph 102.

26

27

28

### San Mateo County Background

103. In response to Paragraph 103, the County admits that the Public Health Department of the County of San Mateo issued an order. The County asserts that the County of San Mateo's order speaks for itself.

104. In response to Paragraph 104, the County asserts that the County of San Mateo's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 104, and on that basis denies them.

105. In response to Paragraph 105, the County asserts that the County of San Mateo's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 105, and on that basis denies them.

106. In response to Paragraph 106, the County admits that the Public Health Department of the County of San Mateo issued an order. The County asserts that the County of San Mateo's order speaks for itself.

107. In response to Paragraph 107, the County asserts that the County of San Mateo's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 107, and on that basis denies them.

108. In response to Paragraph 108, the County asserts that the County of San Mateo's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 108, and on that basis denies them.

109. In response to Paragraph 109, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

110.   In response to Paragraph 110, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

111.   In response to Paragraph 111, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

112.   In response to Paragraph 112, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

113.   In response to Paragraph 113, that Paragraph contains only legal arguments or conclusions, which require no response.

### *Contra Costa County Background*

114.   In response to Paragraph 114, the County admits that the Public Health Department of the County of Contra Costa issued an order. The County asserts that the County of Contra Costa's order speaks for itself.

115.   In response to Paragraph 115, the County asserts that the County of Contra Costa's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 115, and on that basis denies them.

116.   In response to Paragraph 116, the County asserts that the County of Contra Costa's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 116, and on that basis denies them.

117.   In response to Paragraph 117, the County admits that the Public Health Department of the County of Contra Costa issued an order. The County asserts that the County of Contra Costa's order speaks for itself.

118.   In response to Paragraph 118, the County asserts that the County of Contra Costa's order discussed therein speaks for itself. To the extent further

response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 118, and on that basis denies them

119.    In response to Paragraph 119, the County asserts that the County of Contra Costa's order discussed therein speaks for itself. To the extent further response is required, the County lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119, and on that basis denies them

120.    In response to Paragraph 120, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

121.    In response to Paragraph 121, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

122.    In response to Paragraph 122, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

123.    In response to Paragraph 123, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

124.    In response to Paragraph 124, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

125.    In response to Paragraph 125, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

126.    In response to Paragraph 126, that Paragraph contains only legal arguments or conclusions, which require no response.

## COUNT ONE

## RIGHT TO KEEP AND BEAR ARMS

## U.S. CONST., AMENDS. II AND XIV; 42 U.S.C. § 1983

127.    In response to Paragraph 127, the County incorporates by reference the foregoing paragraphs as if fully set forth here.

128.    In response to Paragraph 128, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 128.

129.    In response to Paragraph 129, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 129.

130.    In response to Paragraph 130, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 130.

131.    In response to Paragraph 131, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

132.    In response to Paragraph 132, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 132.

133.    In response to Paragraph 133, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 133.

134.    In response to Paragraph 134, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 134.

135.    In response to Paragraph 135, that Paragraph contains only legal argument or conclusions, which require no response. The County further asserts that

the County's various health orders speak for themselves. To the extent a response is required, the County admits only that the quotations are accurate quotations of the County's March 31 Order.

136. In response to Paragraph 136, that Paragraph contains only legal argument or conclusions, which require no response.

137. In response to Paragraph 137, that Paragraph contains only legal argument or conclusions, which require no response.

138. In response to Paragraph 138, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 138.

139. In response to Paragraph 139, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 139.

140. In response to Paragraph 140, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 140.

141. In response to Paragraph 141, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 141.

142. In response to Paragraph 142, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

143. In response to Paragraph 143, the County lacks sufficient knowledge or information to admit or deny the allegations in that Paragraph, and on that basis denies them.

144. In response to Paragraph 144, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 144.

145. In response to Paragraph 145, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 145.

146. In response to Paragraph 146, that Paragraph contains only legal argument or conclusions, which require no response. To the extent a response is required, the County denies the allegations in Paragraph 146.

## COUNT TWO

## DUE PROCESS

### U.S. CONST., AMENDS. V AND XIV; 42 U.S.C. § 1983

147. On November 30, 2020, this Court granted the County's motion to dismiss Count 2. The Court granted the motion with leave to amend and instructed that "[a]ny amended complaint must be filed within 21 days of the date of this order. Failure to timely file an amended complaint will result in dismissal of the due process claim with prejudice." Dkt. 80 at 11:15-17. The time to file an amended complaint expired on December 21, 2020. Accordingly, Count 2 has been dismissed with prejudice. Paragraphs 147 to 155 require no response.

## AFFIRMATIVE DEFENSES

The County asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

Plaintiffs' First Amended Complaint fails in whole or in part to state claims upon which relief can be granted and should be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

## (Mootness)

Plaintiffs' alleged cause of action under the Second Amendment of the United States Constitution is moot.

## THIRD AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs lack standing because they have not incurred an (1) injury in fact (2) that is fairly traceable to the County's conduct and (3) that is likely to be redressed by a favorable decision.

## FOURTH AFFIRMATIVE DEFENSE

### (Necessity)

Plaintiffs' alleged cause of action fails because the County issued its various health orders pursuant to its authority to act under circumstances of public emergency caused by the ongoing COVID-19 pandemic. The County's conduct was fully justified and in good faith.

## FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Raise Additional Defenses)

The County reserves the right to amend should any further defenses become apparent in the course of this action.

## PRAYER FOR RELIEF

WHEREFORE, the County prays for judgment as follows:

1. That the Court deny Plaintiffs' request for declaratory relief;

2. That the Court deny Plaintiffs' request for injunctive relief;

3. That the Court deny Plaintiffs' request for nominal damages;

4. That the Court deny Plaintiffs' request for attorneys' fees;

5. That the Court deny Plaintiffs' request for costs of suit;

6. That Plaintiffs take nothing by this suit;

7. That the County be awarded its costs of suit incurred in defense of this action; and

8. That the Court grant the County such further relief as the Court may deem proper.

DATED: January 19, 2021   SHUTE, MIHALY & WEINBERGER LLP


By:  <u>  /s/Matthew D. Zinn  </u>
    MATTHEW D. ZINN
    ANDREW P. MILLER

    Attorneys for Defendants
    COUNTY OF ALAMEDA, GREGORY J.
    AHERN, and NICHOLAS MOSS

1322486.7

DEFENDANTS COUNTY OF ALAMEDA, GREGORY J. AHERN, AND NICHOLAS MOSS'S ANSWER TO FIRST AMENDED COMLAINT
Case No. 4:20-cv-02180