George M. Lee (SBN 172982)
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Phone: (415) 979-0500
Fax:    (415) 979-0511
   Email: gml@seilerepstein.com

Raymond M. DiGuiseppe (SBN 228457)
**THE DIGUISEPPE LAW FIRM, P.C.**
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
Phone: (910) 713-8804
Fax:    (910) 672-7705
   Email: law.rmd@gmail.com

*Attorneys for Plaintiffs*

Matthew D. Zinn (SBN 214587)
Andrew P. Miller (SBN 324093)
**SHUTE, MIHALY & WEINBERGER LLP**
396 Hayes Street
San Francisco, California 94102
Phone: (415) 552-7272
Fax: (415) 552-5816
   Email: zinn@smwlaw.com
   Email: amiller@smwlaw.com

*Attorneys for Defendants County of Alameda, Gregory J. Ahern, and Nicholas Moss*[1]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NORTHERN CALIFORNIA**

| | |
|---|---|
| JANICE ALTMAN, et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, CALIFORNIA, et al.,<br><br>      Defendants. | Case No. 4:20-cv-02180<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>**[N.D. L.R. 16-9; FRCP 26]**<br><br>Date: February 16, 2021<br>Time: 2:00 p.m.<br>Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the current Public Health Officer for the County of Alameda has been automatically substituted as a defendant in place of his predecessor, Erica Pan. *See* Docket Entry No. 80.

1  Pursuant to Northern District Local Rule 16-9(a), and Federal Rule of Civil Procedure 26(f),
2  the parties hereto, by and through their respective counsel of record, hereby submit this Joint Case
3  Management Statement and Rule 26(f) Report.

4  –◆–

5  **1. Jurisdiction and Service:** Plaintiffs have asserted that this Court has subject matter
6  jurisdiction over their claims against all Defendants pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and
7  2202, and 42 U.S.C. §§ 1983 and 1988, as the claims arise from alleged violations of the Constitution
8  and the laws of the United States. The Alameda County Defendants (the only Defendants as to whom
9  the claims have not be fully adjudicated in this Court, as detailed below) do not dispute this Court's
10 federal subject matter jurisdiction, although they reserve jurisdictional challenges on standing and
11 mootness grounds. All Defendants named in the First Amended Complaint ("FAC") have been
12 served.

13  **2. Factual and Procedural History:**
14  This action was brought against several governmental enities and their responsible public
15 officials in the Bay Area, including Alameda County, the Sheriff of Alameda County (Gregory J.
16 Ahern in his official capacity), and the Alameda County Public Health Officer (formerly Erica Pan in
17 her official capacity, succeeded by Nicholas Moss in his official capacity) (collectively "Alameda
18 County Defendants"), concerning public health orders and related enforcement actions or threatened
19 enforcement actions that directly or indirectly required the closure or cessation of operations at
20 firearms and ammunition retailers within the Defendants' respective jurisdictions (collectively, the
21 "Orders"). The Plaintiffs consist of several individuals ("Individual Plaintiffs"), including a resident
22 of Alameda County (Albert Swann), and several organizational entities ("Institutional Plaintiffs"),
23 who assert that the Orders violated the rights of Individual Plaintiffs and those of similarly situated
24 members and supporters of Institutional Plaintiffs under the Second Amendment of the United States
25 Constitution (Count I) and that the Orders violated principles of substantive due process as to all such
26 individuals under the Fifth and Fourteenth Amendments of the United States Constitution (Count II).
27  At the inception of the action, Plaintiffs filed a motion for preliminary injunction as to both
28 claims. In its order denying that motion on June 2, 2020 (ECF No. 61), this Court *sua sponte*

dismissed the action against all Defendants with the exception of the Alameda County Defendants, on the basis that later orders issued by the other Defendants had rendered the action moot as to them. Thereafter, the Alameda County Defendants issued modified orders of their own and then moved this Court to either dismiss the entire case as to them on mootness grounds or to dismiss Count II on the basis that it failed to sufficiently state a claim for relief; they did not move to dismiss Count I (the Second Amendment claim). ECF No. 68. Plainitffs opposed the motion. ECF No. 69. On November 30, 2020, this Court issued its order on the motion, holding that neither claim against the Alameda County Defendants was moot but that the due process claim (Count II) did not sufficiently state a claim for relief. ECF No. 80. As such, the Court dismissed Count II with leave to amend the FAC but allowed the case to proceed on Count I. *Id.*

Plaintiffs elected not to further amend the complaint and thus Count II was dismissed with prejudice. The Alameda County Defendants filed their Answer to the FAC on January 19, 2021. ECF No. 87. The Alameda County Defendants intend to bring a motion for summary judgment on Count I.

**3. Legal Issues:** Plaintiffs maintain that all the Defendants in this case, including the Alameda County Defendants, have violated their rights under the Second Amendment on account of the prior Orders, that a live case and controversy remains, and that the injuries are redressable through declaratory, injunctive, and other appropriate relief under 42 U.S.C. § 1983.[2] Defendants dispute any such liability and raise various affirmative defenses to Count I. ECF No. 87. The parties' competing positions present the issues of whether the claim is moot, whether Plaintiffs have standing to assert an injury in fact fairly traceable to the conduct of the Alameda County Defendants likely to be redressed by a decision in Plaintiffs' favor, and whether the FAC sufficiently pleads a case for relief on Count I. Further, should the Alameda County Defendants ultimately proceed with a motion for summary judgment, such a motion will put before the Court the question of whether the undisputed material facts warrant judgment in their favor on Count I.

**4. Motions:** As summarized above, Plaintiffs applied for a temporary restraining order on April 10, 2020. The Court denied Plaintiffs' application on April 10, 2020. Plaintiffs filed a motion

---

[2] Once all the claims against all the Defendants have been fully adjudicated, Plaintiffs intend to appeal from the previous order dismissing the claims against the other Defendants.

for a preliminary injunction concurrent with Plaintiffs' application for a temporary restraining order on April 10, 2020. The Court denied Plaintiffs' motion on June 3, 2020. The Alameda County Defendants filed a motion to dismiss on July 1, 2020. On November 30, 2020, the Court denied the County's motion to dismiss Count I of Plaintiffs' Complaint (Second Amendment) as moot. The Court granted the County's motion to dismiss Count II of Plaintiffs' Complaint (Due Process). The Court ordered that Plaintiffs could amend their Complaint within 21 days of the order, and that if Plaintiffs did not do so, Count II would be dismissed with prejudice. Plaintiffs did not file an amended complaint. Other than the motion for summary judgment that the Alameda County Defendants currently plan to bring, no other motions are pending or planned at this time.

**5. Amendment of Pleadings:** At this time, the parties do not anticipate any further amendments to the pleadings, and Plaintiffs do not anticipate the addition of any parties.

**6. Evidence Preservation:** The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) concerning what information may be sought, and steps reasonably necessary to preserve such evidence, but they do not anticipate the need to request or produce electronically stored information (ESI) at this time.

**7. Disclosures:** The parties met and conferred on January 26, 2021, pursuant to FRCP 26(f), and they will exchange their initial disclosures by February 9, 2021, or thereafter as may be mutually agreed and stipulated.

**8. Discovery:** The parties agree there is no reason or need to deviate from the rules governing the number of depositions (FRCP 30(a)(2)(A)(1)) or the number of interrogatories (FRCP 33(a)(1)) ordinarily afforded to each side. As noted above, the parties have discussed ESI, and barring unforeseen circumstances, do not anticipate the need to request or produce ESI at this time. The parties may stipulate to extend the time to serve responses to written discovery requests, as necessary.

The Alameda County Defendants contend that, due to the limited scope and standard of review, any discovery involving the evidentiary basis for the County's public health orders must be sharply limited. Defendants will meet and confer with Plaintiffs about any such discovery propounded by Plaintiffs. If Defendants' concerns cannot be resolved, they may seek protective

orders as needed to prevent unwarranted discovery.

**9. Class Actions:** Not applicable.

**10. Related Actions:** *Martinez et al. v. Villanueva et al.* (9th Cir. Case No. 20-56233); *McDougall et al. v. County of Ventura et al.* (9th Cir. Case No. 20-56220).

**11. Relief Requested:** Plaintiffs are seeking declaratory and injunctive relief against all the Defendants in this case, including the Alameda County Defendants, as necessary and appropriate to redress the alleged constitutional violations arising from the Defendants' prior Orders and related policies, practices, and procedures. They also seek nominal damages against all the Defendants and recovery of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

The Alameda County Defendants seek judgment denying Plaintiffs' claims in their entirety.

**12. Settlement and ADR:** The parties discussed ADR and do not find the instant matter suitable for mediation at this time.

**13. Consent to Magistrate Judge:** Plaintiffs filed a declination to consent to magistrate judge jurisdiction on April 2, 2020. ECF Doc. 8. The parties are agreeable to magistrate judge jurisdiction for discovery purposes.

**14. Other References:** The parties do not believe that the case is suitable for reference to binding arbitration or a special master.

**15. Narrowing of Issues:** The parties will continue to meet and confer to narrow the issues at trial, including the use of stipulated facts. The parties do not foresee bifurcation of issues, claims or defenses at this time.

**16. Expedited Trial:** At the present time, the parties do not see this matter as being suitable for an expedited trial, pursuant to General Order No. 64, Attachment A.

**17. Scheduling:** The parties propose a cutoff of August 31, 2021, for factual and percipient witness discovery, including the filing of any motions to compel related to fact/percipient witness discovery. The parties further propose that expert disclosure and reports would be due 30 days after the close of fact/percipient witness discovery and any supplemental/rebuttal expert reports would be due 30 days after that date. They also propose a cutoff of November 30, 2021, for the filing of any dispositive motions.

If the Court desires the parties to select a trial date, the parties will meet and confer and request the setting of a trial and pretrial conference, and will comply with this Court's STANDING ORDER FOR CIVIL BENCH TRIALS.

**18. Trial:** The parties anticipate a bench trial in this matter would last between one and three days.

**19. Disclosure of Non-party Interested Entities or Persons:** Plaintiffs filed their Certification of Interested Entities or Persons and Corporate Disclosure Statement pursuant to Civ. Local Rule 3-15 and FRCP 7.1 on April 2, 2020. ECF No. 9. The Alameda County Defendants, as governmental entities, are not required to do so.

**20. Professional Conduct:** Counsel of record have read and are familiar with the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters:** None at this time.

Dated: February 9, 2021	SEILER EPSTEIN LLP

/s/ George M. Lee
George M. Lee

*Attorneys for Plaintiffs*

Dated: February 9, 2021	SHUTE, MIHALY & WEINBERGER LLP

/s/ Matthew D. Zinn
Matthew D. Zinn

*Attorneys for Defendants County of Alameda, Gregory J. Ahern, and Nicholas Moss*

6
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT | CASE NO. 4:20-cv-02180